IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MARK MONSOUR, SHEILA MONSOUR )
and MONSOUR'S INC. )
                              )
            Plaintiffs,       )
vs.                           )    Case No. 05-1204-MLB
                              )
MENU MAKER FOODS, INC.        )
                              )
            Defendants        )
                              )

### ANSWER AND AFFIRMATIVE DEFENSES
### OF DEFENDANT MENU MAKER FOODS, INC.

COMES NOW the Defendant Menu Maker Foods, Inc., by and through its attorneys of record, John Val Wachtel and Alexander B. Mitchell of Klenda, Mitchell, Austerman & Zuercher, L.L.C., and Jeffrey S. Eastman of Keleher & Eastman Law Firm, and for its Answer to the Plaintiff's Complaint, alleges and states:

### ANSWER

1. Any and all allegations contained within the Complaint not hereinafter specifically admitted are hereby denied.

2. The Defendant is without knowledge or information sufficient upon which to form a belief as to the truth of the allegations contained within paragraph 1 of the Complaint, and the same are therefore denied.

3. The Defendant denies paragraph 2 of the Complaint.

4. The Defendant admits the allegations contained within paragraphs 3 and 4 of the Complaint.

5. The Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained within paragraph 5 of the Complaint, and the same are therefore denied.

6. The Defendant admits the allegations contained within paragraph 6 of the Complaint.

7. The Defendant denies the allegations in paragraph 7 of the Complaint. The items to be purchased are set out in the Agreement.

8. The Defendant admits paragraph 8 of the Complaint

9. The agreement speaks for itself, and the allegations contained in paragraph 9 of the Complaint are denied.

10. Paragraph 10 of the Complaint contains no allegations to which a responsive pleading is required; however, if and to the extent that the said paragraph does contain any such allegations, the Defendant incorporates herein by reference paragraphs 1 through 9 of its Answer.

11. The Defendant hereby denies the allegations contained within paragraphs 11, 12, 13, 14 and 15 of the Complaint.

12. The Defendant admits the allegations contained within paragraph 16 of the Complaint.

13. The Defendant denies the allegations contained within paragraph 17 of the Complaint.

14. Paragraph 18 of the Complaint contains no allegations to which a responsive pleading is required; however, if and to the extent that the said paragraph does contain any such allegations, the Defendant incorporates herein by reference paragraphs 1 through 13 of its Answer.

15.  If and to the extent that paragraph 19 of the Complaint alleges that under the terms of the Asset Purchase Agreement the Defendant agreed to make its best efforts to sell or assist in the sale of Plaintiff Monsour, Inc.'s remaining inventory other than that which was in good, wholesome and in 100% resellable condition as provided in Paragraph 1 of the Asset Purchase Agreement the allegations are admitted; however, any an all other allegations contained within paragraph 19 are hereby denied.

16.  The Defendant is without knowledge or information to form a belief as to the truth of the allegations contained within paragraph 20 of the Complaint, and the same are therefore denied.

17.  The Defendant denies the allegations contained within paragraphs 21, 22 and 23 of the Complaint.

18.   Paragraph 24 of the Complaint contains no allegations to which a responsive pleading is required; however, if and to the extent that the said paragraph does contain any such allegations, the Defendant incorporates herein by reference paragraphs 1 through 17 of its Answer.

19.  If and to the extent that Paragraph 25 of the Complaint alleges that under Section XI(F) and pursuant to the terms of the Asset Purchase Agreement the Defendant agreed to purchase substantially all of its produce requirements from the Plaintiff Monsour, Inc., the allegations are hereby admitted.  However, any an all other allegations contained within paragraph 25 are hereby denied.

20.  The Defendant denies the allegations contained within paragraphs 26 and 27 of the Complaint.

21.   The Defendant denies the allegations contained within paragraph 28 of the Complaint.

22.  The allegations contained within paragraph 29 of the Complaint are denied.

23.   Paragraph 30 of the Complaint contains no allegations to which a responsive pleading is required; however, if and to the extent that the said paragraph does contain any such allegations, the Defendant incorporates herein by reference paragraphs 1 through 22 of its Answer.

24.   The Defendant admits the allegations contained within paragraph 31 of the Complaint.

25.  The Defendant denies the allegations contained within paragraphs 32, 33, 34 and 35 of the Complaint.

26.   Paragraph 36 of the Complaint contains no allegations to which a responsive pleading is required; however, if and to the extent that the said paragraph does contain any such allegations, the Defendant incorporates herein by reference paragraphs 1 through 25 of its Answer.

27.   Paragraph 37 of the Complaint fails to conform itself to the rules of pleading as set out in the Federal Rules of Civil Procedure.  If and to the extent that paragraph 37 of the Complaint alleges that under the terms of the Asset Purchase Agreement the Defendant agreed to make its best efforts to sell or assist in the sale of Plaintiff Monsour, Inc.'s remaining inventory other than that which was in good, wholesome and in 100% resellable condition as provided in Paragraph 1 of the Asset Purchase Agreement the allegations are admitted; and if and to the extent that paragraph 37 of the Complaint alleges that under Section XI(F) and pursuant to the terms of the Asset Purchase Agreement the Defendant agreed to purchase substantially all of its

produce requirements from the Plaintiff Monsour's, Inc., the allegations are hereby admitted. However, if and to the extent that paragraph 37 of the complaint contains any other allegations, the same are hereby denied.

28. The Defendant denies the allegations contained within paragraphs 38, 39 and 40 of the Complaint.

29. Paragraph 41 of the Complaint contains no allegations to which a responsive pleading is required; however, if and to the extent that the said paragraph does contain any such allegations, the Defendant incorporates herein by reference paragraphs 1 through 29 of its Answer.

30. The Defendant hereby denies the allegations contained within paragraphs 42, 43, 44 and 45 of the Complaint.

## AFFIRMATIVE DEFENSES

31. The Defendant incorporates herein by reference all factual allegations and denials contained within paragraphs 1 through 30 of its Answer.

32. The Complaint fails to state a claim against this Defendant upon which relief can be granted.

33. The Plaintiffs' claims set out in Counts V and VI are barred by operation of the applicable Kansas statute of limitations.

34. The Plaintiffs' claims are barred by operation of the equitable defenses of estoppel, waiver and laches.

35. The Plaintiffs are not proper party plaintiffs to bring this cause of action.

36. The Plaintiffs have not suffered injuries or damage at the hands of this Defendant.

37. If and to the extent that the Plaintiffs have suffered damage or injuries, which is hereby denied, the Plaintiffs' injuries and damages are neither of the nature, nor to the extent, nor in the amount alleged.

38. This Defendant committed no act or omission which caused or contributed to the cause of any injury which may have been suffered by the Plaintiffs.

39. If the Plaintiffs suffered injury, which allegations are specifically denied, then the conduct or fault of others, including that of the Plaintiffs, for whose conduct this Defendant is neither responsible nor liable, and over whom this Defendant exercised no control, caused and/or contributed to the cause of any injury or damage which the Plaintiffs may have suffered.

40. Plaintiffs' injuries, if any, were not proximately caused by the actions of this Defendant.

41. This Defendant breached no duties, either contractual or otherwise, owed to the Plaintiffs.

42. The Plaintiffs failed to mitigate their damages.

43. The Defendant fully performed pursuant to the terms and conditions of the Asset Purchase Agreement and the non-compete agreements.

44. The Plaintiffs failed to perform under the terms of the Asset Purchase Agreement in that the Plaintiffs failed and continued to fail to provide produce to Defendant that met the terms, conditions and specifications set out in the Asset Purchase Agreement.

45. The Plaintiffs failed to perform under the terms of the Asset Purchase Agreement in that Plaintiffs failed and continued to fail to provide produce to the Defendant in the amounts ordered by Defendants pursuant to the terms of the Asset Purchase Agreement.

46. Through no fault of the Defendant, the Plaintiffs breached the terms of the Asset Purchase Agreement.

47. Following the asset purchase, the Plaintiff Monsour's Inc., the Plaintiff Mark Monsour and persons under their supervision and control breached both the Asset Purchase Agreement and their non-compete agreements by selling and continuing to sell to third party customers of Defendant, certain inventory which was in good and wholesome condition and was 100% resaleable and which, under the terms of the Asset Purchase Agreement, Defendant had agreed to purchase and Plaintiffs had agreed to sell.

48. The Plaintiffs breached section VI of the Asset Purchase Agreement by representing and warranting that at the time of the sale Plaintiffs had good and marketable title to the assets subject to the agreement and by representing and warranting that there was no litigation pending or threatened regarding the Plaintiffs' business, and by representing and warranting that it was unaware of any facts which would constitute violations of state, federal or local laws.

49. Plaintiffs default on their indebtedness to a third party or third parties cause one of such third parties to seize Plaintiffs' inventory, making it impossible for this Defendant to perform under the Agreement.

50. Plaintiffs' claims for punitive damages are barred by operation of the Due Process Clause of the Fourteenth Amendment to the Constitution of the United States.

51. The Defendant hereby reserves the right to raise any and all other defenses and affirmative defenses as may become known and available to it throughout the pendency of discovery in this matter.

WHEREFORE, this Defendant prays that the Plaintiffs take naught by their Complaint, that judgment and decree be entered on behalf of the Defendant, that this Defendant be awarded

its attorneys' fees and costs, and that it be awarded such other and further relief as is just and equitable in these premises and pursuant to the Asset Purchase Agreement.

        Respectfully submitted,

        KLENDA, MITCHELL, AUSTERMAN & ZUERCHER, L.L.C.

        s/John Val Wachtel
        John Val Wachtel, #8310
        Alexander B. Mitchell, #8204
        301 N. Main, 1600 Epic Center
        Wichita, KS  67202-4888
        Tele.:  (316) 267-0331
        Fax:  (316) 267-0333
        jvwachtel@kmazlaw.com
        amitchell@kmazlsw.com
        Attorneys for Defendant,
        Menu Maker Foods, Inc.

        KELEHER & EASTMAN LAW FIRM

        s/Jeffrey S. Eastman
        Jeffrey S. Eastman, #19048
        403 NW Englewood Rd.
        Gladstone MO  64118
        Tele:  (816) 452-6030
        Fax:   (816) 455-0960
        jse@keleher-eastman.com
        Attorneys for Defendant,
        Menu Maker Foods, Inc.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 1st day of September, 2005, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system which will send electronic notice of this filing to:

    Dustin DeVaughn
    McDonald, Tinker, Skaer, Quinn
      & Herrington, P.A.
    200 W. Douglas, Ave., Ste 500
    Wichita, KS  67202
    ddevaughn@mtsqh.com
    Attorney for Plaintiffs

                                              <u>s/John Val Wachtel               </u>
                                              John Val Wachtel

KMAZ Document No. 280401