IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**MARK MONSOUR, et al.,**

     **Plaintiffs,**

**-vs-**                **Case No. 05-1204-MLB**

**MENU MAKER FOODS, INC.,**

     **Defendant.**

### INITIAL ORDER REGARDING PLANNING AND SCHEDULING

  Pursuant to Fed. R. Civ. P. 16(b), the Court hereby sets this case for a scheduling conference by telephone on **Wednesday, October 19, 2005** at **11:00 A.M.** The court will initiate the telephone conference call. All attorneys who have entered an appearance in accordance with D. Kan. Rule 5.1(d) for each party and all unrepresented parties shall be available for the telephone conference call at the telephone numbers listed in the pleadings.

  Pursuant to Fed. R. Civ. P. 26(f), no later than **September 29, 2005**, the parties, in person and/or through counsel, shall meet to discuss the nature and basis of their claims and defenses, to discuss the use of mediation or other methods of alternative dispute resolution, to develop a proposed discovery plan, and to make or arrange for the disclosures required by Fed. R. Civ. P. 26(a)(1). Prior to the Rule 26(f) Planning Meeting, counsel shall have conferred with their clients to discuss these issues and the benefits of mediation or other methods of alternative dispute resolution. Absent exceptional circumstances, the Court expects the parties to utilize some form of alternative dispute resolution within ninety days of the scheduling

Dockets.Justia.com

conference. The parties and counsel should select the particular process to be pursued and the person who will conduct the process, *i.e.* a mediator or other neutral.

Counsel should keep in mind the following regarding electronic information. Electronic information falls within the definition of "documents" or "date compilations" in Fed.R.Civ.P 26(a)(1)(B) and Fed.R.Civ.P. 34(a). Prior to the Fed.R.Civ.P. 26(f) conference, counsel should carefully investigate their clients' information management systems to determine whether discoverable information exists in electronic form. If such information exists, counsel should review the Electronic Discovery Guidelines on the court's website (www.ksd.uscourts.gov).

No later than **October 14, 2005**, plaintiff shall submit to the undersigned judge a completed Report of Parties' Planning Meeting following the form that is posted on the court's website (www.ksd.uscourts.gov). It shall be submitted electronically in WordPerfect format as an attachment to an Internet e-mail sent to ksd_bostwick_chambers@ksd.uscourts.gov, and **shall not be filed with the Clerk of the Court**.

In addition to matters covered in Fed. R. Civ. P. 16(b) and (c), the parties shall be prepared to discuss the following matters at the scheduling conference:

1. The items listed in the report of the parties' planning meeting.

2. Whether a limited amount of discovery would enable the parties to present substantive issues for the Court's resolution that would narrow the scope of remaining discovery.

3. Whether potential dispositive motions could be presented for the Court's determination at the earliest appropriate opportunity.

4. Whether documents should be exchanged without formal discovery requests in order to facilitate settlement, to avoid unnecessary expense, etc.

5. Whether any issues should be bifurcated.

6. All potentially dispositive issues.

7. The setting of a definite date for the final pretrial conference and trial.

8. Consent to trial before a United States Magistrate Judge either at this time or as a back-up if the Court determines that its schedule is unable to accommodate the scheduled trial date. Withholding consent will have no adverse substantive consequences but may delay the trial of the action.

Except when particularly complicated or simple, cases usually are set on a calendar for trial within twelve to fourteen months from the date of filing. Pursuant to D. Kan. Rule 26.1, discovery in civil cases (other than patent infringement and antitrust cases) shall be completed within four months of the date of the scheduling order. The dispositive motion deadline is usually set three to four months before the trial date to allow the Court time to consider any such motions before the parties begin their final trial preparation. The final pretrial conference will usually be scheduled approximately two weeks after the close of discovery and approximately two weeks before the dispositive motion deadline.

Judge Belot has entered standing orders governing dispositive and non-dispositive motions and when hard-copies of electronically-filed documents **must** be delivered to chambers. The standing orders can be found on the court website at: http://www.ksd.uscourts.gov/chambers/mlb/CMECFSO.pdf.

The Court appreciates the cooperation and diligent efforts which will secure a just and speedy determination of the issues in this matter. If you have questions, please contact the deputy clerk, **Angela Whittle** at **316/269-6139**.

IT IS SO ORDERED.

Dated in Wichita, Kansas, on this 15th day of September, 2005.

_s/   Donald W. Bostwick_
DONALD W. BOSTWICK
UNITED STATES MAGISTRATE JUDGE

cc:   All counsel and *pro se* parties