# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**MARK MONSOUR, et al.,**

    **Plaintiffs,**

**v.**                Case No. 05-1204-MLB

**MENU MAKER FOODS, INC.,**

    **Defendant.**

## SCHEDULING ORDER

On October 19, 2005, pursuant to Fed. R. Civ. P. 16(b), the court conducted a scheduling conference in this case with the parties.[1] Plaintiff appeared through counsel Dustin DeVaughn. Defendant appeared through counsel Val Wachtel. After consultation with the parties, the Court now enters the following Scheduling Order in this case:

**I.**    **Alternative Dispute Resolution**

   a.    By **October 19, 2005**, plaintiff shall submit to defendant a good faith proposal to settle the case. By **November 8, 2005**, defendant shall make a good faith response to plaintiff's proposal, either accepting the proposal or submitting defendant's own good faith proposal to settle the case.

---

[1] As used in this scheduling order, the term "plaintiff" includes plaintiffs as well as counterclaimants, cross-claimants, third-party-plaintiffs, intervenors, and any other parties who assert affirmative claims for relief. The term "defendant" includes defendants as well as counterclaim defendants, cross-claim defendants, third-party- defendants, and any other parties who are defending against affirmative claims for relief.

    b.    Settlement may be enhanced by use of mediation. The parties have selected Dennis Gillen to conduct the mediation. The mediation shall be held no later than **January 31, 2006.** Defendant's counsel shall notify the Court the date of mediation.

    c.    An ADR report on the form located on the district's Internet Website, must be filed by defense counsel within five days of the scheduled mediation (http://www.ksd.uscourts.gov/attorney/adr/adrreport.pdf).

## II. Discovery

    a.    The parties have exchanged the information required by Fed.R.Civ.P. 26(a)(1). The parties are reminded that, although Rule 26(a)(1) is now keyed to disclosure of information that the disclosing party ?may use to support its claims or defenses, unless solely for impeachment," as made clear by the advisory committee notes to the 2000-amendments to the rule, this also requires a party to disclose information it may use to support its denial or rebuttal of the allegations, claim, or defense of another party. In addition to other sanctions that may be applicable, a party that without substantial justification fails to disclose information required by Fed. R. Civ. P. 26(a) or Fed.R. Civ. P. 26(e)(1) is not, unless such failure is harmless, permitted to use as evidence at trial, at a hearing, or on a motion any witness or information not so disclosed. See Fed. R. Civ. P. 37(c)(1).

    b.    All discovery shall be commenced or served in time to be completed by **April 28, 2006**. The parties do not anticipate any discovery issues for the Court to resolve at this time.

    c.    The parties intend to serve disclosures and discovery electronically, as permitted by this court's General Order No. 03-1, Exhibit 1, Rules 5.4.2 & 26.3.

    d.    No party shall serve more than 40 interrogatories, including all discrete subparts, to any other party.

    e.    There shall be no more than 12 depositions by plaintiff and 12 by defendant.

    f.    Each deposition shall be limited to 3 hours, except for the deposition(s) of Mark Monsour, Dick Graves and any 30(b)(6) representative of Monsours Inc., which shall be limited to 6 hours. All depositions shall be governed by the written guidelines that are available on the district's Internet Website:

(Http://www.ksd.uscourts.gov/attorney/depoguidelines.pdf ).

    g.    Disclosures required by Fed. R. Civ. P. 26(a)(2), including reports from retained experts, shall be served by plaintiff by **February 3, 2006** and by defendant by **March 6, 2006**. Disclosures and reports by any rebuttal experts shall be served by **March 27, 2006**. The parties shall serve any objections (other than objections pursuant to Fed. R. Evid. 702-05, *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579 (1993), *Kumho Tire Co. v. Carmichael,* 526 U.S. 137 (1999), or similar case law), within 11 days after service of the disclosures upon them. These objections should be confined to technical objections related to the sufficiency of the written expert disclosures (e.g., whether all the information required by Rule 26(a)(2) has been provided, such as lists of prior testimony and publications). These objections need not extend to the admissibility of the expert's proposed testimony. If such technical objections are served, counsel shall confer or make a reasonable effort to confer consistent with requirements of D. Kan. Rule 37.2 before filing any motion based on those objections. As noted below, any motion to compel discovery in compliance with D. Kan.

        Rules 7.1 and 37.2 must be filed and served within 30 days of the default or service of the response, answer, or objection which is the subject of the motion, unless the time for filing such a motion is extended for good cause shown; otherwise, the objection to the default, response, answer, or objection shall be deemed waived. See D. Kan. Rule 37.1(b).

h.    Supplementations of disclosure under Fed.R.Civ.P. 26(e) shall be served at such times and under such circumstances as required by that rule. In addition, such supplemental disclosures shall be served in any event 40 days before the deadline for completion of all discovery. The supplemental disclosures served 40 days before the deadline for completion of all discovery, which are intended to replace what this court traditionally has called "final witness and exhibit lists," must identify the universe of all witnesses and exhibits that probably or even might be used at trial. The rationale for the mandatory supplemental disclosures 40 days before the discovery cutoff is to put opposing counsel in a realistic position to make strategic, tactical, and economic judgments about whether to take a particular deposition (or pursue follow-up "written" discovery) concerning a witness or exhibit disclosed by another party before the time allowed for discovery expires. Counsel should bear in mind that seldom should anything be included in the final Rule 26(a)(3)-disclosures, which as explained below usually are filed 20 days before trial, that has not previously appeared in the initial Rule 26(a)(1)-disclosures or a timely Rule 26(e) supplement thereto; otherwise, the witness or exhibit probably will be excluded at trial. See Fed. R. Civ. P. 37(c)(1).

i.    At the final pretrial conference after the close of discovery, the court will set a deadline, usually about 20 days prior to the trial date, for the parties to file their final disclosures pursuant to

|   |   |
|---|---|
|   | Fed. R. Civ. P. 26(a)(3)(A), (B) & (C). As indicated above, if a witness or exhibit appears on a final Rule 26(a)(3)-disclosure that has not previously been included in a Rule 26 (a)(1)-disclosure (or a timely supplement thereto), that witness or exhibit probably will be excluded at trial. <u>See</u> Fed. R. Civ. P. 37(c)(1). D. Kan Rule 16.2(e). |
| j. | To avoid the filing of unnecessary motions, the court encourages the parties to utilize stipulations regarding discovery procedures. However, this does not apply to extensions of time that interfere with the deadlines to complete all discovery, for the briefing or hearing of a motion, or for trial. <u>See</u> Fed. R. Civ. P. 29: D. Kan. Rule 6.1(a). Nor does this apply to modifying the requirements of Fed. R. Civ. P. 26(a)(2) concerning experts reports. <u>See</u> D. Kan. Rule 26.4(b). |

**III.    Motions**

a. Any motion for leave to join additional parties or to otherwise amend the pleadings shall be filed by **November 1, 2005**.

b. Provided that such defenses have been timely preserved, any motions to dismiss for lack of personal jurisdiction, venue, propriety of the parties, or failure to state a claim upon which relief may be granted shall be filed by **December 19, 2005**.

c. All other potentially dispositive motions shall be filed by **June 19, 2006**.

d. The deadline to file motions to exclude testimony of expert witnesses pursuant to Fed. R. Evid. 702-05, *Daubert v. Merrell Dow Pharmaceuticals, Inc,* 509 U.S. 579 (1993), *Kumho Tire Co. V. Carmichael,* 526 U.S. 137 (1999), or similar case law, shall be set at the final pretrial conference.

    e.    Any motions to compel discovery in compliance with D. Kan. Rules 7.1 and 37.2 shall be filed and served within 30 days of the default or service of the response, answer, or objection which is the subject of the motion, unless the time for filing such a motion is extended for good cause shown.  Otherwise, the objection to the default, response, answer, or objection shall be waived.  <u>See</u> D. Kan. Rule 37.1(b).

**IV.**    **Others Matters**

    a.    The parties agree that principles of comparative fault do not apply to this case.

    b.    Pursuant to Fed. R. Civ. P. 16(d), a final pretrial conference is scheduled for **May 22, 2006 at 1:30 p.m.** in Suite 111 U.S. Courthouse, 401 N. Market, Wichita, Kansas.  Unless otherwise notified, the Honorable Monti L. Belot will conduct the conference.  The parties shall prepare **one** proposed final pretrial order.  No later than **May 15, 2006**, defendant shall submit to the judge who will conduct the conference <u>both</u> a hard copy of the parties' proposed pretrial order <u>and</u> as an attachment to an Internet e-mail (formatted in WordPerfect 9.0 or earlier version) sent to ksd_belot_chambers@ksd.uscourts.gov.  The proposed pretrial order shall not be filed with the Clerk's Office.  It shall be in the form available on the court's website (www.ksd.uscourts.gov), and the parties shall affix their signatures according to the procedures governing multiple signatures set forth in paragraphs II(C)(2)(a) & (b) of the *Administrative Procedures for Filing, Signing, and Verifying Pleadings and Papers by Electronic Means in Civil Cases.*

c.  The parties expect the trial of this case to take approximately **seven days**. The Court will subsequently set the case for trial. The trial setting may be changed only by order of the judge presiding over the trial.

d.  The parties are not prepared to consent to trial by a magistrate judge at this time.

e.  The arguments and authorities section of briefs or memoranda submitted shall not exceed 30 pages, absent an order of the court.

f.  Judge Belot has entered standing orders governing dispositive and non-dispositive motions and when hard-copies of electronically-filed documents **must** be delivered to chambers. The standing orders can be found on the court website at: http://www.ksd.uscourts.gov/chambers/mlb/CMECFSO.pdf.

This scheduling order shall not be modified except by leave of court upon a showing of good cause.

IT IS SO ORDERED.

Dated at Wichita, Kansas on this 19th day of October, 2005.

                                                    s/ Donald W. Bostwick
                                                DONALD W. BOSTWICK
                                    UNITED STATES MAGISTRATE JUDGE

| SUMMARY OF DEADLINES AND SETTINGS ||
| Event | Deadline/Setting |
|---|---|
| Plaintiff's settlement proposal | 10/19/2005 |
| Defendant's settlement counter-proposal | 11/8/2005 |
| Confidential settlement reports to magistrate judge | |
| Identification of agreed-upon mediator or other ADR neutral to magistrate judge | |
| ADR process completed | 1/31/2006 |
| Settlement conference with court (if applicable) | |
| Initial disclosures exchanged | |
| All discovery completed | 4/28/2006 |
| Early discovery completed (if applicable) | |
| Experts disclosed by plaintiff | 2/3/2006 |
| Experts disclosed by defendant | 3/6/2006 |
| Rebuttal experts disclosed (if applicable) | 3/27/2006 |
| Independent medical examinations (if applicable) | |
| Supplementation of disclosures | 40 days before completion of discovery |
| Preliminary witness and exhibit disclosures (if applicable) | |
| Jointly proposed protective order submitted to court (if applicable) | |
| Motion and brief in support of proposed protective order (only if parties disagree about need for and/or scope of order) | |
| Motions to join additional parties or otherwise amend the pleadings | 11/1/2005 |
| Motions to dismiss for lack of personal jurisdiction, venue, propriety of the parties, or failure to state a claim | 12/19/2005 |
| All other potentially dispositive motions, e.g., summary judgment, challenges to admissibility of expert testimony, etc. | 6/19/2006 |
| Daubert motions | |
| Comparative fault identification (if applicable) | |
| Status conference (if applicable) | |
| Final pretrial conference | 5/22/2006 at 1:30 p.m. |
| Proposed pretrial order due | 5/15/2006 |
| *In limine* motions & proposed jury instructions due | |
| *In limine* conference | |

| Event | Deadline/Setting |
|---|---|
| Trial | |