IN UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| MARK MONSOUR, SHEILA MONSOUR and MONSOUR'S, INC. )<br>)<br>Plaintiffs,    )<br>)<br>v.    )<br>)<br>MENU MAKER FOODS, INC.,    )<br>)<br>Defendant.    )<br>_____) | Case No.  05-1204-MLB |

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS WITHOUT PREJUDICE COUNTS V AND VI OF PLAINTIFFS' COMPLAINT**

Plaintiffs Mark and Sheila Monsour and Monsour's Inc., by and through their attorneys of record, Dustin L. DeVaughn and Richard W. James of McDonald, Tinker, Skaer, Quinn and Herrington P.A., have moved this court for an Order, pursuant to Fed. R. Civ. P. 41, dismissing without prejudice plaintiffs' claims for fraud and punitive damages (Counts V and VI).  This memorandum is filed in support of that Motion.

**I.    NATURE OF THE MATTER BEFORE THE COURT**

Plaintiffs filed this action against defendant for breach of contract, fraud and for punitive damages. Plaintiffs seek to dismiss the claims for fraud and punitive damages (Counts V and VI) pursuant to Fed. R. Civ. P. 41.

**II.   STATEMENT OF FACTS**

1.   Plaintiffs filed this Complaint on June 30, 2005.

2.   Defendant Menu Maker Foods, Inc., filed an answer on September 1, 2005.

PDF created with FinePrint pdfFactory trial version http://www.pdffactory.com

3. As of the date of the filing of this motion, Depositions have not begun. The first deposition is scheduled for December 13, 2005.

4. No dispositive motions have been filed by defendant.

5. Defendant has not filed a counterclaim.

### III. QUESTION PRESENTED

Whether Plaintiffs' own claims for fraud and punitive damages (Counts V and VI) should be dismissed without prejudice pursuant to Fed. R. Civ. P. 41.

### IV. ARGUMENTS AND AUTHORITIES

**A. Rule 41 Permits a Voluntary Dismissal Without Prejudice After The Defendant has Answered.**

Federal Rule of Civil Procedure 41 permits a plaintiff to voluntarily dismiss his claims without prejudice after the defendant has answered upon order of the court. *Phillips USA, Inc. v. AllFlex USA, Inc.*, 77 F.3d 354 (10th Cir. 1996) (citing FED. R. CIV. P. 41(a)(2)).

**B. Standards For Permitting A Dismissal Without Prejudice.**

The factors considered in determining whether to grant a motion to dismiss without prejudice include: "the opposing party's effort and expense in preparing for trial; excessive delay and lack of diligence on the part of the movant; insufficient explanation of the need for a dismissal; and the present stage of litigation." *Ohlander v. Larson*, 114 F.3d 1531, 1537 (10th Cir. 1997) (citing *Phillips USA, Inc.*, 77 F.3d at 358). The court also concluded that "each factor need not be resolved in favor of the moving party for dismissal to be

PDF created with FinePrint pdfFactory trial version http://www.pdffactory.com

appropriate, nor need each factor be resolved in favor of the opposing party for denial of the motion to be proper." *Id.*

### C.  The Factors In This Case Weigh Heavily in Favor Of Dismissal of Counts V and VI Without Prejudice.

This litigation is just beginning. Plaintiffs filed their complaint on June 30, 2005 and defendant filed an answer on September 1, 2005. While limited discovery has begun, depositions have not started at this point. In addition, the discovery and depositions will continue in this case even without the claims for fraud and punitive damages. At this time, plaintiffs seek only to narrow the focus of this litigation to the breach of contract claims. One of the factors for the court to consider is the opposing party's effort in preparing for trial. *Id.* In this case, because this litigation is in such an early stage, defendant has not had to expend a great deal of time and energy to prepare for trial on these specific claims. Any preparation and expense is related to plaintiffs' breach of contract claims.

Another factor to consider is the delay and diligence on the part of plaintiffs. *Phillips USA, Inc.*, 77 F.3d at 358. As mentioned above, this litigation is still in its early days. Plaintiffs have not delayed in filing this motion. In addition, because the litigation is in such an early stage, this dismissal will not affect the parties' (or the court's) schedule. Discovery will continue as scheduled and no unnecessary discovery has been completed.

### D.  The Presumption Is In Favor Of Dismissal.

The Tenth Circuit unequivocally declared, "Absent 'legal prejudice' to the defendant, the district court should grant such a dismissal." *Ohlander*, 114 F.3d

3

PDF created with FinePrint pdfFactory trial version http://www.pdffactory.com

at 1537 (citing *Andes v. Versant Corp.*, 788 F.2d 1033, 1036 (4th Cir. 1986) (voluntary dismissal "should not be denied absent substantial prejudice to the defendant"); *McCants v. Ford Motor Co.*, 781 F.2d 855, 856-57 (11th Cir. 1986) ("in most cases a dismissal should be granted unless the defendant will suffer clear legal prejudice")). These decisions reflect a presumption that absent "substantial prejudice," a motion to dismiss without prejudice should be granted. The Tenth Circuit also held that the prejudice to the opposing party is the most important factor in deciding motion to voluntarily dismiss. *County of Santa Fe v. Public Serv. Co.*, 311 F.3d 1031 (10th Cir. 2002).

Not only is there no demonstrable prejudice to the defendant in this case, but the court also declared that "the district court 'should endeavor to insure substantial justice is accorded to both parties,' and therefore the court 'must consider the equities not only facing the defendant, but also those facing the plaintiff.'" *Id.* at 1048 (quoting *Ohlander*, 114 F.3d 1537).

**V.   CONCLUSION**

Because this litigation is still in such an early stage and because there is no showing of substantial prejudice to the defendant, plaintiffs seek an order pursuant to Rule 41 dismissing plaintiffs' claims for fraud and punitive damages (Counts V and VI) without prejudice.

PDF created with FinePrint pdfFactory trial version http://www.pdffactory.com

s/ Dustin L. DeVaughn_____<br>
Dustin L. DeVaughn, #16559<br>
Richard W. James, #19822<br>
McDONALD, TINKER,<br>
   SKAER, QUINN & HERRINGTON, P.A.<br>
*Attorneys for Plaintiffs*<br>
P.O. Box 207<br>
Wichita, KS 67201-0207<br>
Phone: (316) 263-5851<br>
Fax: (316) 263-4677<br>
E-mail: ddevaughn@mtsqh.com<br>
rjames@mtsqh.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 12th day of December, 2005, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

John Val Wachtel
Klenda, Mitchell,
  Austerman & Zuercher, L.L.C.
1600 EPIC Center
201 North Main,
Wichita, KS 67202-4888
Telephone: 316.267.0331
Facsimile: 316.267.0333
jvwachtel@kmazlaw.com
*Attorneys for Defendant*

s/ Dustin L. DeVaughn_____<br>
Dustin L. DeVaughn

G:\Menu Maker Foods, Inc 60035-001\Memoinsupportofmotiontodismisswithoutprejudice.doc

PDF created with FinePrint pdfFactory trial version http://www.pdffactory.com