AO88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
## UNITED STATES DISTRICT COURT

DISTRICT OF KANSAS

MARK MONSOUR, et al.
V.
MENU MAKER FOODS, INC.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 05-1204-MLB

TO: BANK OF AMERICA, N.A., ATTENTION: RECORDS CUSTODIAN
SUBPOENA CONTROL UNIT
1425 NW 62nd St.
FT. LAUDERDALE, FL 33309

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
| --- | --- |
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
| --- | --- |
|  |  |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

SEE "ATTACHMENT TO SUBPOENA" ATTACHED HERETO.

| PLACE KLENDA, MITCHELL, AUSTERMAN & ZUERCHER, L.L.C. 301 N. MAIN, STE. 1600, WICHITA, KS 67202-4888 | DATE AND TIME January 26, 2006 |
| --- | --- |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
| --- | --- |
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) ATTORNEY FOR DEFENDANT | DATE |
| --- | --- |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
JOHN VAL WACHTEL
KLENDA, MITCHELL, AUSTERMAN & ZUERCHER, L.L.C.
301 N. MAIN, STE. 1600, WICHITA, KS 67202-4888, 316-267-0331

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.


EXHIBIT 1

AO88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| DATE | PLACE |
|---|---|
| January 17, 2006 | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| Bank of America, N.A. Records Custodian | U.S. Postal Service, Certified Mail Return Receipt Requested |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| John Val Wachtel, Attorney | |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on   January 17, 2006
DATE

SIGNATURE OF SERVER

301 N. Main, Ste. 1600
Wichita, KS 67202-4888
ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the mmmdemanding party to contest the claim.

## ATTACHMENT TO SUBPOENA

Direction: When used herein, the words "you," "your" and "yours" refer to the Bank of America, NA, its officers, directors, agents and employees, and any predecessor to Bank of America, its officers, directors, agents and employees.

Documents Requested

1. With respect to that particular loan made by you to Monsour's, Inc. on or about February 5, 1999, produce the following:

   a. The note;
   b. Demands for payment of the note;
   c. Any evidence of default on the note and documents indicating default on the note;
   d. All balance sheets provided to you by Monsour's, Inc. and Mark Monsour;
   e. All income statements provided to you by Monsours, Inc. and Mark Monsour;
   f. Financial statements provided to you by Monsour's, Inc. and Mark Monsour;
   g. Any reports of financial information furnished to you by Monsour's, Inc. and Mark Monsour;
   h. All reports and other information furnished to you by Monsour's, Inc. and Mark Monsour which were either required under the terms of the note or at the request of any of your officers, directors, managers, agents or employees;
   i. Loan application(s) and documents provided therewith by Monsour's, Inc. and/or Mark Monsour in connection with the loan;
   j. Any inventory or inventories provided by Monsour's, Inc. or Mark Monsour; and
   k. Your loan file.

2. With respect to that particular loan made by you to Monsour's, Inc., on or about October 2, 2001, produce the following:

   a. The note;
   b. Demands for payment of the note;
   c. Any evidence of default on the note and documents indicating default on the note;
   d. All balance sheets provided to you by Monsour's, Inc. and Mark Monsour;
   e. All income statements provided to you by Monsours, Inc. and Mark Monsour;
   f. Financial statements provided to you by Monsour's, Inc. and Mark Monsour;

g. Any reports of financial information furnished to you by Monsour's, Inc. and Mark Monsour;
h. All reports and other information furnished to you by Monsour's, Inc. and Mark Monsour which were either required under the terms of the note or at the request of any of your officers, directors, managers, agents or employees;
i. Loan application(s) and documents provided therewith by Monsour's, Inc. and/or Mark Monsour in connection with the loan;
j. Any inventory or inventories provided by Monsour's, Inc. or Mark Monsour; and
k. Your loan file.

Questions concerning this subpoena and the above can be directed to the following:

John Val Wachtel
Klenda, Mitchell, Austerman
 & Zuercher, L.L.C.
301 North Main, Suite 1600
Wichita, KS 67202
Tele: 316.267.0331
jvwachtel@kmazlaw.com

KMAZ Doc. 294653

2

