NON-COMPETITION AGREEMENT

THIS AGREEMENT is made and entered into on February 6, 2002, between Menu Maker Foods, Inc., a Missouri corporation ("Buyer") and Monsour's, Inc., and Mark D. Monsour ("Sellers").

RECITALS

A. Pursuant to an Asset Purchase Agreement dated January 31, 2002 (the "Agreement"), Monsour's, Inc, and Mark D. Monsour have sold and transferred to the Buyer at closing on this date certain assets of its business. As a material inducement to Buyer's performance under the Agreement, Sellers have agreed to enter into this contract.

NOW THEREFORE, the parties agree as follows:

1. For a period of 6 years, commencing on the Closing Date of the Agreement, Sellers shall not, individually or through others, directly or through any entity, operate or otherwise be engaged in the ownership or management of a food distribution business (except permitted sales of produce to grocery stores and the right to continue produce sales to its current jobbers) within any county that Sellers or the Buyer are doing business as of this date.

Sellers also agree for a period of 6 years after the date of this Contract, not to sell to any customers of either the Buyer and Sellers, directly or indirectly, any items being sold by Sellers or the Buyer as of the Closing Date of the Agreement (except permitted sales of produce to grocery stores and the right to continue produce sales to its current jobbers) whether as a principal, proprietor, agent, employee, salesman, partner, officer, shareholder, consultant, or otherwise.

2.   Sellers recognize that the Buyer's remedy at law for breach of this contract is

EXHIBIT C

10182

inadequate and in the event of such breach by Sellers, Buyer may apply for and shall be entitled to injunctive relief without the necessity of proving actual damages to Buyer. Such relief shall be in addition to, and not in lieu of, the award of any damages Buyer may sustain or be entitled to or any other rights that Buyer may have at law or in equity for such breach. Sellers agree to pay any attorneys fees, costs, and expenses incurred by Buyer to enforce this contract.

In the event the provisions of this contract should be adjudicated to exceed the time or geographical limitations permitted by applicable law, then such provisions shall be deemed reformed to the maximum time or geographical limitation permitted by applicable law. The time period restrictions set forth in this contract shall be extended for the length of time of any litigation that is instituted by Buyer to enforce the provisions hereof.

3. The consideration for this agreement is a part of the consideration set forth in the Agreement. Sellers acknowledge the receipt and sufficiency of that consideration. Because this contract is given in connection with the sale of business assets, Sellers agree that the terms are reasonable and necessary to protect the interest of Buyer and the times and geographical coverages are reasonable.

4. This Agreement contains the entire understanding of the parties. No amendment to this Agreement shall be effective unless in writing and duly signed by all parties.

5. This Agreement shall be binding upon and inure to the benefit of the parties and their respective heirs, executors, administrators, successors and assigns. This Agreement shall be construed in accordance with the laws of the State of Missouri. Buyer may assign its rights hereunder.

10183

IN WITNESS WHEREOF the parties have executed this Agreement as of the day first above written.

_____
Mark D. Monsour

Monsour's, Inc.
by: _____
Mark D. Monsour, its President

Menu Maker Foods, Inc.
by: _____
Jon R. Graves, its President