IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MARK MONSOUR, SHEILA MONSOUR )
and MONSOUR'S INC. )
                       Plaintiffs, )
vs. )   Case No. 05-1204-MLB
MENU MAKER FOODS, INC. )
                       Defendant. )

### SHEILA MONSOUR'S ANSWERS TO MENU MAKER FOODS, INC.'S FIRST INTERROGATORIES TO PLAINTIFF, SHEILA MONSOUR

COMES NOW plaintiff Sheila Monsour, by and through her attorneys of record, Richard W. James and Dustin L. DeVaughn of McDonald, Tinker, Skaer, Quinn & Herrington, P.A., and provides answers to defendant's First Interrogatories as follows:

#### INTERROGATORIES

**INTERROGATORY NO. 1.** Describe with particularity the part you played, if any, in negotiating the terms of the Agreement.

**ANSWER:** None

**INTERROGATORY NO. 2:** If you, as an individual, owned assets which were acquired by the Defendant pursuant to the terms of the Agreement, identify each and every asset owned by you which was acquired by the Defendant under the Agreement, state the then value of each such individually owned asset and the amount of money paid by the Defendant to you or for your benefit pursuant to the terms of the Agreement and/or any assignment of the proceeds of the Agreement for such individually owned assets

**ANSWER:** I do not know the value of items that were acquired by defendant.


EXHIBIT D

**INTERROGATORY NO. 3:** If you, as an individual, sold no assets to Menu Maker under the Agreement, state your understanding of why you signed the Agreement in your individual capacity.

**ANSWER:**   I was an owner of Monsour's, Inc.

**INTERROGATORY NO. 4:** Given your answers to these Interrogatories, state why your claims for damages as set out in the Complaint are exactly the same as the claims for damages made by Monsour's, Inc. and Mark Monsour. If your claims for damages are not the same as the claims made by Monsour's, Inc. and Mark Monsour, state what your claims for damages are with respect to each count of the Complaint and state how they were calculated, identify who calculated them and identify all documents relied upon in calculating the damages. Also state how the claims for damages are distinct from and disproportionate to the damages suffered by Monsour's, Inc. and any other Plaintiff

**ANSWER:**   My claims for damages are the same as Monsour's, Inc. and Mark Monsour. The damages sought by the plaintiffs in this case are not cumulative. Each plaintiff is not seeking the same damages individually.

**INTERROGATORY NO. 5:** State the actions, if any, you took to mitigate any of your alleged damages. Identify each person who has knowledge of, or who would testify about, the information set forth in your answer, and state the substance of such person's knowledge or testimony. Identify the principal and material documents that contain information set forth in

your answer to this Interrogatory. If, however, you claim that you were unable to mitigate all or any part of your alleged damages, state why you were unable to mitigate.

**ANSWER:** I did not actively participate in the operation of the business and only had knowledge of mitigation efforts by Monsour's Inc. based on my conversations with Mark Monsour.

**INTERROGATRORY NO. 6:** At any time after the inspection of inventory which you allege in paragraph 11 of the Complaint that the Defendant conducted prior to the execution of the Agreement, did you allow any person or entity other than the Defendant, to remove and use or sell any inventory? If you did, identify each such person or entity who removed any inventory, identify by description and quantity the inventory removed by each person or entity, state when each such item of inventory was removed by each such person or entity, state the reason(s) such inventory was removed by each such person or entity, state whether and to whom any such removed inventory was sold, state the price paid for each item of inventory by the ultimate purchasers, state the price paid to you and/or Monsour's, Inc. for each item of inventory by any such person or entity who removed the inventory and state your knowledge of the disposition of funds from any such transaction.

**.ANSWER:** No.

**INTERROGATRORY NO. 7:** At any time from and after the date that the Agreement was executed, did you allow any person or entity other than the Defendant, to remove and use or sell any inventory? If you did, identify each such person or entity who removed any inventory, identify by description and quantity the inventory removed by each person or entity, state when each such item of inventory was removed by each such person or entity, state the reason(s) such

3

inventory was removed by each such person or entity, state whether and to whom any such removed inventory was sold, state the price paid for each item of inventory by the ultimate purchasers and state the price paid to you and/or to Monsour's, Inc. for each item of inventory by any such person or entity who removed the inventory.

**ANSWER:** No

**INTERROGATRORY NO. 8:** If, either concurrently with or subsequent to the effective date of the Agreement, you assigned the proceeds of the Agreement to any persons, businesses, banks or other entities, including without limitation Bank of America, N.A. and/or the PACA Trust Beneficiaries as the same are more fully described in that certain document titled "ASSIGNMENT OF THE MENU MAKERS AGREEMENT," executed in by you, Mark Monsour and Monsour's, Inc. in September, 2002, identify all such assignments and the terms thereof, state your then plans for remaining in business without receiving any of the proceeds of the Agreement, and state how you would have received future funding, when, based upon any or all of such assignments you were to receive no proceeds from the Agreement.

**ANSWER:** I do not have personal knowledge of the information requested. All information that I am aware of was received from Mark Monsour.

**INTERROGATORY NO. 9:** Describe your day-to-day activities, responsibilities and express authority with respect to the operation and management of Monsour's, Inc., if any.

**ANSWER:** In 2001, I performed some basic office functions such as filing invoices approximately two days a week. However, I had no additional involvement in the day-to-day activities of Monsour's, Inc.

**INTERROGATORY NO 10:** As of the effective date of the Agreement, state how much Monsour's, Inc. stock you owned, from whom you acquired the stock, how you acquired the stock, the purchase price of the stock, if payment was not made in full at the time of the purchase state the payment arrangements, if any, for the purchase of the stock, if applicable, how much you still owe for the purchase of the stock, and state how much stock you now own.

**ANSWER:** I do not know.

**INTERROGATORY NO. 11:** For the period commencing five (5) years prior to the filing of the Complaint herein through the date of your answers to these Interrogatories state your annual taxable income for both federal and state income tax purposes if they are somehow different, and identify the sources of all income during that period.

**ANSWER:** Please see the personal tax returns that have been produced pursuant to the Request for Production of Documents.

**INTERROGAGORY NO. 12:** Have you ever been convicted of a crime or of crimes involving dishonesty or moral turpitude? If you have, state the date of each conviction, the charge or charges upon which you were convicted for each such conviction, and identify each such conviction by case caption, case number and the federal, state or local court or judicial district.

**ANSWER:** No.

**INTERROGATORY NO. 13:** As pertaining to you and no other Plaintiff, do you contend, as part of your claims of breach of contract on the part of the Defendant, that you suffered lost business profits as a result of any such breach? If you do, please state with specificity the amount of lost business profits you are claiming, state with specificity exactly how the same were calculated, identify each person who participated in the calculation of the alleged loss of business profits, and identify all documents relied upon by each and every person who participated in the calculation of the alleged loss of business profits.

**ANSWER:** Please see response to Interrogatory No. 4 above.

**INTERROGATORY NO. 14:** As pertaining to you and no other Plaintiff, on a yearly basis and for the five year period prior to the execution of the Agreement at issue herein, please state the total amount of all of your expenses associated with the operation of your business, the total amount of fixed costs associated with your business, the total income generated by your business, identify the person(s) most knowledgeable about these expenses, costs and income and identify all documents relied upon or reviewed in answering this Interrogatory.

**ANSWER:** I do not know.

**INTERROGATORY NO. 15:** As pertaining to you and no other Plaintiff, if you claim in this case a breach of an alleged contract for the sale of goods, please state with specificity, the goods you allege were the subject of the alleged contract, the alleged contract price for the alleged goods, the market value of the alleged goods at the time of the alleged breach, the resale value, if any, of the alleged goods, identify the person(s) most knowledgeable about the prices

and values stated, and identify all documents relied on or reviewed in preparing your answer to this Interrogatory.

**ANSWER:** I do not know.

Respectfully submitted,

McDONALD, TINKER,
SKAER, QUINN & HERRINGTON, P.A.

By: _____
Dustin L. DeVaughn, 16559
Richard W. James, 19822
300 W. Douglas, Suite 500
Wichita, KS 67202-2909
Tele: 316.263.5851
Fax: 316.263.4677
E-mail: rjames@mtsqh.com
ddevaughn@mtsqh.com
*Attorneys for Plaintiffs*

G:\Menu Maker Foods, Inc 60035-001\Discovery\Sheila's Answers to Menu Maker's 1st IGS

## VERIFICATION

STATE OF KANSAS          )
                         ) SS:
COUNTY OF Crawford )

I, the undersigned, of lawful age, having first been duly sworn upon my oath, depose and state that I am a Plaintiff in this action, that I have read the above and foregoing answers to the Interrogatories, I know and understand the contents thereof, and state that the statements and answers contained therein are true and correct, according to my knowledge, information and belief.

By: *Sheila Monsour*
Sheila Monsour

SUBSCRIBED AND SWORN TO before me, the undersigned authority, on this 28th day of November, 2005.

My Commission Expires: 8/12/2006

*Sarah Stephenson*
Notary Public

NOTARY PUBLIC - State of Kansas
SARAH STEPHENSON
My Appt. Exp. 8/12/2006

20

## CERTIFICATE OF SERVICE

I hereby certify that on the __6th__ day of December, 2005, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

John Val Wachtel
Klenda, Mitchell,
   Austerman & Zuercher, L.L.C.
1600 EPIC Center
201 North Main,
Wichita, KS 67202-4888
Telephone: 316.267.0331
Facsimile:  316.267.0333
jvwachtel@kmazlaw.com
*Attorneys for Defendant*

                                                   Dustin L. DeVaughn