IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| MARK MONSOUR, SHEILA MONSOUR and MONSOUR'S INC. <br><br> Plaintiffs, <br><br> vs. <br><br> MENU MAKER FOODS, INC. <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) Case No. 05-1204-MLB |

### MARK MONSOUR'S ANSWERS TO MENU MAKER FOODS, INC.'S INTERROGATORIES TO PLAINTIFF, MARK MONSOUR.

COMES NOW plaintiff Mark Monsour, by and through his attorneys of record, Richard W. James and Dustin L. DeVaughn of McDonald, Tinker, Skaer, Quinn & Herrington, P.A., and provides answers to defendant's First Interrogatories as follows:

### INTERROGATORIES

**INTERROGATORY NO. 1:** Identify persons or entities to whom you were indebted as of the effective date of the Agreement. State the amount of each indebtedness and the terms of re-payment. State as well, whether as of the effective date of the Agreement, demand for payment of any or all such indebtedness had been made, and if so by whom. State whether you had been threatened with suit to collect any or all of the indebtedness, and if so by whom, and state whether as of that date there was any litigation pending against you, by whom, identify the litigation by caption, case number and court.

**ANSWER:** Objection. This interrogatory is not reasonably calculated to seek discoverable information and is not relevant to the subject matter of this litigation. However, without waiving such objection, plaintiff answers as follows. Please see response to Interrogatory No. 1 by Monsour's Inc.



EXHIBIT F

**INTERROGATORY NO. 2.** Describe with particularity the part you played, if any, in negotiating the terms of the Agreement.

**ANSWER:** I negotiated the Asset Purchase Agreement with Dick Graves and acted as the principle and only negotiator on behalf of Monsour's Inc. I interacted with Mr. Graves in reaching the particular terms of the Asset Purchase Agreement.

**INTERROGATORY NO. 3:** Identify all other persons known to you who, on behalf of Monsour's, Inc., were involved in negotiating the Agreement with the Defendant, and describe the involvement of each such person in the negotiations.

**ANSWER:** No other party had authority to negotiate or provide information to Menu Maker other than me. In the process of negotiation, I relied on information received from other Monsour's employees and their knowledge of our sales and purchases in dry and frozen goods and produce. Further, none of these individuals had authority to negotiate the agreement with the defendant.

**INTERROGATORY NO. 4:** State the principal and material facts that support your fraud claim against the Defendant, including the allegations contained in Count V of your Complaint. Identify each person that has knowledge of or would testify about the information set forth in your answer and state the substance of such person's knowledge or testimony. Identify the principal and material documents that contain information set forth in your answer to this interrogatory.

**ANSWER:** Please see Monsour's Inc.'s response to Interrogatory No. 2.

**INTERROGATORY NO. 5:** If, with respect to the allegations contained within Count V of your Complaint, you allege that the Defendant made any untrue statements of existing and material facts, identify each untrue statement, state by whom, to whom and when each untrue statement was made.

**ANSWER:** Please see Monsour's Inc.'s response to Interrogatory No. 3.

**INTERROGATORY NO. 6:** With respect to the statements of material fact set out in your answer to the preceding Interrogatory, state the facts and circumstances upon which you rely to prove that the persons making the statements knew that the statements were untrue.

**ANSWER:** Please see Monsour's Inc.'s response to Interrogatory No. 4.

**INTERROGTORY NO. 7:** With respect to the statements of material fact set out in your answer to Interrogatory No. 5, state the facts and circumstances upon which you rely to prove that the persons making each such statement either made the statements intentionally with the intent to deceive, or made the statements recklessly and with disregard for the truth.

**ANSWER:** Please see Monsour's Inc.'s response to Interrogatory No. 5.

**INTERROGATORY NO. 8:** If you, as an individual, owned assets which were acquired by the Defendant pursuant to the terms of the Agreement, identify each and every asset owned by you that was sold to the Defendant, state the then value of each such individually owned asset which was sold to the Defendant and state the amount of money paid by the

Defendant to you or for your benefit pursuant to the terms the Agreement and/or any assignment of the proceeds of the Agreement for your individual assets.

**ANSWER:** None to my knowledge.

**INTERROGATORY NO. 9:** If you, as an individual, sold no assets to the Defendant under the Agreement, state your understanding of why you signed the Agreement in your individual capacity.

**ANSWER:** I had personally guaranteed Monsour's Inc.'s debts and defendant was adamant that I execute the Asset Purchase Agreement in case I owned any of the assets.

**INTERROGATORY NO. 10:** Given your answers to these Interrogatories, state why your claims for damages as set out in the Complaint are exactly the same as the claims for damages made by Monsour's, Inc. and Sheila Monsour. If your claims for damages are not the same as the claims made by Monsour's, Inc. and Sheila Monsour, state what your claims for damages are with respect to each Count of the Complaint, and state how they were calculated, by whom they were calculated, and identify all documents relied upon in making such calculations. Also state how they are distinct from and disproportionate to the damages suffered by Monsour's, Inc. and any other plaintiff.

**ANSWER:** The damages sought by plaintiffs in this case are not cumulative. Each plaintiff is not seeking the same damage individually.

**INTERROGATORY NO. 11:** State the actions, if any, you took to mitigate your alleged damages. Identify each person who has knowledge of, or who would testify about the information set forth in your answer, and state the substance of such person's knowledge or testimony. Identify the principal and material documents that contain information set forth in your answer to this Interrogatory. If, however, you claim that you were unable to mitigate all or any part of your alleged damages, state why you were unable to mitigate

**ANSWER:** See Monsour's Inc.' response to Interrogatory No. 11. In addition, after Menu Maker informed me they would not purchase any more food service inventory, contrary to the Asset Purchase Agreement, I had Matt Warford contact a broker to attempt to sell any amount of inventory that could be sold. The broker purchased two trailer loads of inventory at a substantially reduced cost. These funds were forwarded directly to Bank of America. Individuals who also have knowledge of this include Matt Warford, Fred Foster and Junior Oehme. This was a fractional amount of the total inventory. I was unable to additionally mitigate the damages because of the Asset Purchase Agreement and the Non-compete Agreement which prevented me from selling inventory to former customers.

**INTERROGATRORY NO. 12:** At any time after the inspection of inventory which you allege in paragraph 11 of the Complaint that the Defendant conducted prior to the execution of the Agreement, did you allow any person or entity other than the Defendant, to remove and use or sell any inventory? If you did, identify each such person or entity who removed any inventory, identify by description and quantity the inventory removed by each person or entity, state when each such item of inventory was removed by each such person or entity, state the reason(s) such inventory was removed by each such person or entity, state whether and to whom

any such removed inventory was sold, state the price paid for each item of inventory by the ultimate purchasers, state the price paid to you and/or Monsour's, Inc. for each item of inventory by any such person or entity who removed the inventory and state your knowledge of the disposition of funds from any such transaction.

**ANSWER:** See Monsour's Inc.'s response to Interrogatory No. 14.

**INTERROGATRORY NO. 13:** At any time from and after the date that the Agreement was executed, did you allow any person or entity other than the Defendant, to remove and use or sell any inventory? If you did, identify each such person or entity who removed any inventory, identify by description and quantity the inventory removed by each person or entity, state when each such item of inventory was removed by each such person or entity, state the reason(s) such inventory was removed by each such person or entity, state whether and to whom any such removed inventory was sold, state the price paid for each item of inventory by the ultimate purchasers and state the price paid to you and/or to Monsour's, Inc. for each item of inventory by any such person or entity who removed the inventory.

**ANSWER:** See Monsour's Inc.'s response to Interrogatory No. 15.

**INTERROGATRORY NO. 14:** If, either concurrent with or subsequent to the effective date of the Agreement, you assigned the proceeds of the Agreement to any persons, businesses, banks or other entities, including without limitation Bank of America, N.A. and/or the PACA Trust Beneficiaries as the same are more fully described in that certain document titled "ASSIGNMENT OF THE MENU MAKERS AGREEMENT," executed in by you, Mark Monsour and Monsour's, Inc. in September, 2002, identify all such assignments and the terms thereof, state your then plans for remaining in business without receiving any of the proceeds of

the Agreement, and state how you would have received future funding, when, based upon any or all of such assignments you were to receive no proceeds from the Agreement.

**ANSWER:**   See Monsour's Inc.'s response to Interrogatory No. 21.

**INTERROGATORY NO. 15:** Describe your day-to-day activities, responsibilities and express authority with respect to the operation and management of Monsour's, Inc.

**ANSWER:**   My day-to-day activities involved sales to retail accounts, interaction and direction of employees, interaction with customers and problem solving. I had authority and management responsibility over all aspects of Monsour's Inc.'s business.

**INTERROGATORY NO 16:** As of the effective date of the Agreement, state how much Monsour's, Inc. stock you owned, from whom you acquired the stock, how you acquired the stock, the purchase price of the stock, if payment was not made in full at the time of the purchase state the payment arrangements, if any, for the purchase of the stock, if applicable, how much you still owe for the purchase of the stock, and state how much stock you now own.

**ANSWER:**   Sheila Monsour and I owned all of the shares of stock to Monsour's Inc. We acquired these shares through purchase from Peter L. Monsour. Payment was made in full at the time of the purchase. I do not recall the purchase price. Sheila Monsour and I still own all the stock although it has no value.

**INTERROGAGORY NO. 17:** Have you ever been convicted of a crime or of crimes involving dishonesty or moral turpitude? If you have, state the date of each conviction, the charge or charges upon which you were convicted for each such conviction, and identify each

7

such conviction by case caption, case number and the federal, state or local court or judicial district.

**ANSWER:** I was convicted of possession of a methamphetamine on July 19, 2004. The case was captioned *State of Kansas v. Mark Monsour*, Case No. 04 CR 76, in Crawford County, Kansas.

I was charged with possession of marijuana and methamphetamine in Joplin, Missouri for an incident that occurred on July 2, 2005. To my knowledge, I have not been convicted on those charges.

**INTERROGATORY NO. 18:** On or about October 2, 2001 Monsour's, Inc. borrowed $975,000.00 from Bank of America, N.A., in addition, Monsour's, Inc. secured the guarantee of Pitt Plastics on $500,000.00 of indebtedness with University National Bank which appears to have been incurred on or about December 2001. State whether you received any of the funds borrowed by Monsour's, Inc. from Bank of America, N.A. and/or University National Bank in either or both of those loans, if you did receive any such funds, state when you received any funds, the amounts of funds received, why you received such funds and what you did with any such funds received

**ANSWER:** Please see Monsour's Inc.'s response to Interrogatory No. 28.

**INTERROGATORY NO. 19:** For the period commencing five (5) years prior to the filing of the Complaint herein through the date of your answers to these Interrogatories state your annual taxable income for both federal and state income tax purposes if they are somehow different, and identify the sources of all income during that period.

**ANSWER:** Please see tax returns previously produced.

**INTERROGATORY NO. 20:** As pertaining to you and no other plaintiff, do you contend, as part of your claims of breach of contract on the part of the Defendant, that you suffered lost business profits as a result of any such breach? If you do, please state with specificity the amount of lost business profits you are claiming, state with specificity exactly how the same were calculated, identify each person who participated in the calculation of the alleged loss of business profits, and identify all documents relied upon by each and every person who participated in the calculation of the alleged loss of business profits.

**ANSWER:** See Monsour's Inc.'s response to Interrogatory No. 24.

**INTERROGATORY NO. 21:** As pertaining to you and no other plaintiff, on a yearly basis and for the five year period prior to the execution of the Agreement at issue herein, please state the total amount of all of your expenses associated with the operation of your business, the total amount of fixed costs associated with your business, the total income generated by your business, identify the person(s) most knowledgeable about these expenses, costs and income and identify all documents relied upon or reviewed in answering this Interrogatory.

**ANSWER:** See Monsour's Inc.'s response to Interrogatory No. 32.

**INTERROGATORY NO. 22:** As pertaining to you and no other plaintiff, if you claim in this case a breach of an alleged contract for the sale of goods, please state with specificity, the goods you allege were the subject of the alleged contract, the alleged contract price for the alleged goods, the market value of the alleged goods at the time of the alleged breach, the resale

value, if any, of the alleged goods, identify the person(s) most knowledgeable about the prices and values stated, and identify all documents relied on or reviewed in preparing your answer to this Interrogatory.

  **ANSWER:** See Monsour's Inc.'s response to Interrogatory No. 33.

        Respectfully submitted,

        McDONALD, TINKER,
         SKAER, QUINN & HERRINGTON, P.A.

By:_____
  Dustin L. DeVaughn, 16559
  Richard W. James, 19822
  300 W. Douglas, Suite 500
  Wichita, KS 67202-2909
  Tele: 316.263.5851
  Fax: 316.263.4677
  E-mail: rjames@mtsqh.com
      ddevaughn@mtsqh.com
  *Attorneys for Plaintiffs*

12- 5-05; 1:25PM;B OF A MESA MAIN9890                    ;1 480 610 4924        #  2/  2
RECEIVED: 12/ 5/05 10:03AM; ->SCOTTBLUE#REPROGRAP; #992; PAGE 12
12/05/2005  10:30   3162634677           MCDONALD TINKER ETAL            PAGE  12/12

## VERIFICATION

STATE OF KANSAS     )
                    ) SS:
COUNTY OF Maricopa  )

I, the undersigned, of lawful age, having first been duly sworn upon my oath, depose and state that I am a Plaintiff in this action, that I have read the above and foregoing answers to the Interrogatories, I know and understand the contents thereof, and state that the statements and answers contained therein are true and correct, according to my knowledge, information and belief.

By: _____
Mark Monsour

SUBSCRIBED AND SWORN TO before me, the undersigned authority, on this 5 day of December, 2005.

My Commission Expires: 06-28

_____
Notary Public

CANDIDO GARCIA III
Notary Public - Arizona
Maricopa County
My Commission Expires
June 28, 2008

11

```
12- 7-05;  9:03AM;B OF A MESA MAIN9890                    ;1 480 610 4924        #  2/  2
12/07/2005  09:10   3162634677         MCDONALD TINKER ETAL            PAGE  02/04
```

## VERIFICATION

STATE OF KANSAS            )
                           ) SS:
COUNTY OF SEDGWICK         )

I, the undersigned, of lawful age, having first been duly sworn upon my oath, depose and state, that I am an officer of Monsour's, Inc., a Plaintiff in this action, that in that capacity I have authority to sign the Interrogatories on behalf of that Plaintiff, that I have read the above and foregoing answers to the Interrogatories, I know and understand the contents thereof, and state that the statements and allegations contained in the answers thereto are true and correct, according to my knowledge, information and belief.

Monsour's, Inc.

By: _____
Mark Monsour

SUBSCRIBED AND SWORN TO before me, the undersigned authority, on this 7 day of December, 2005.

My Commission Expires: 06-28-08

_____
Notary Public

CANDIDO GARCIA III
Notary Public - Arizona
Maricopa County
My Commission Expires
June 28, 2008

28