

Bank of America

Bank of America
Commercial Banking
KS8-376-01-01
216 North Broadway
Pittsburg, KS 66762

Tel 316.231.0600
Fax 316.231.0696

February 6, 2002

HAND DELIVERED

Mr. Mark D. Monsour, President
Monsour's, Inc.
112 North Elm Street
Pittsburg, Kansas 66762

Re: Terms for Monsour's-Graves Menu Maker closing

Dear Mark:

The following are the terms upon which Bank of America, N.A. will proceed with the closing of the proposed sale of your institutional grocery business to Menu Maker, Inc. and ultimately the release of our security interest in your assets proposed to be sold:

1. Monsour's, Inc. shall pay to Bank of America, N.A. the $60,000 of the $100,000 to be received at the closing today pursuant to § 2.5(i) of the Asset Purchase Agreement;
2. Monsour's, Inc. shall assign to and shall pay to Bank of America, N.A., as and when received, the 2% and 1% additional compensation to be received for the Covenant Not To Compete pursuant to § 2.5(ii) of the Asset Purchase Agreement;
3. The Inter-Creditor Agreement with Central Bank of Jefferson City, the buyer's bank, shall require that the inventory shipped from Friday to Thursday of each week shall be paid for by wire transfer to our Bank weekly on Friday;
4. Monsour's, Inc. understands and agrees that execution of Inter-Creditor Agreement by Bank of America is not an implication that Bank of America will and does not commit Bank of America to continue to loan money to Monsour's, Inc.
5. Monsour's, Inc. shall provide to Bank of America, N.A. each Friday a detailed invoice and itemized receipt detailing the items of inventory purchased by buyer from the preceding Friday through Thursday;
6. Monsour's, Inc. promptly shall provide to Bank of America, N.A., and shall authorize Menu Maker, Inc. to disclose to Bank of America, N.A., such information about Monsour's inventory and accounts receivable as Bank of America, N.A. shall request from time to time;
7. Monsour's, Inc. promptly shall provide to Bank of America, N.A. such financial statements and other financial information as Bank of America, N.A. reasonably may request from time to time;

*[handwritten margin note: Joann Kelly shew / BoA]*

EXHIBIT G

1

8. Monsour's, Inc. acknowledges that the revolving credit ceases as of this date, that the revolving credit loan matures on April 2, 2002, that it shall be paid in full at that time, and that there will be no further draws or advances on that revolving credit from and after February 5, 2002;

Mr. Mark D. Monsour, President
February 6, 2002
Page 2

9. Monsour's, Inc. shall be solely responsible for and promptly pay all legal fees and related expenses incurred by or on behalf of Bank of America, N.A. with respect to transaction, and you acknowledge that Wheeler & Mitchelson, Chartered represents both your Company and our Bank from time to time and waive any conflict of interest with respect to such representation; and
10. All of Bank of America, N.A.'s rights under any agreement previously executed by Monsour's, Inc. and its stockholders continue in full force and effect.

We are pleased to cooperate with you in this transaction and appreciate your efforts. Please indicate your agreement to these terms by signing the enclosed copy of this letter and returning it to me at the Closing.

Sincerely,
Bank of America, N.A.

By: Michael W. Slack
    Senior Vice President

Accepted and agreed to
this 6th day of February 6, 2002

Monsour's, Inc.

By: _____  PRESIDENT
    Mark D. Monsour, President

    _____
    Mark D. Monsour, individually

    _____
    Sheila D. Monsour, individually

2

1027