IN UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| MARK MONSOUR, SHEILA MONSOUR<br>and MONSOUR'S, INC. | )<br>)<br>) | |
| Plaintiffs, | ) | Case No. 05-1204-MLB |
| | ) | |
| v. | ) | |
| | ) | |
| MENU MAKER FOODS, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM IN SUPPORT OF
PLAINTIFFS' MOTION FOR DEFENDANT TO PAY COSTS
ASSOCIATED WITH DEPOSITION OF PLAINTIFFS' EXPERT**

Plaintiffs by and through their attorneys of record, Dustin L. DeVaughn and Richard W. James of McDonald, Tinker, Skaer, Quinn & Herrington, P.A., file this motion requiring defendant to pay the fees incurred by plaintiffs' expert for his deposition testimony taken by defendant and for the preparation preceding his deposition. Fed. R. Civ. P. (B)(4)(a) and (c) require that the opposing party pay for the expert's time for his participation and preparation for the discovery deposition. Defendant's counsel has refused to pay the reasonable fees incurred by plaintiffs' expert.

**I.   NATURE OF THE MATTER**

This lawsuit is an action between plaintiffs who were Kansas suppliers of fruits and vegetables and defendant who is a Missouri grocer and supplier of wholesale vegetables. At its most basic context, defendant entered into an agreement to purchase plaintiffs' assets and plaintiffs have alleged that defendant breached the Asset Purchase Agreement. This litigation seeks damages for defendant's breach.

## II.     NATURE OF MOTION

Defendant requested the deposition of plaintiffs' expert accountant and the deposition was taken. Upon the completion of the deposition, a billing statement was issued from the accounting firm to the defendant for the time incurred in preparation for the deposition and participation in the deposition. Defendant refused to pay the amount owing ($1,650) and instead proposed paying approximately one-third of the invoice ($660). Plaintiffs have made repeated efforts to get defendant to comply with Fed. R. Civ. P. 26(B)(4) including providing case law supporting plaintiffs' position for the payment of the expert fees. However, defendant and defense counsel have refused to comply.

## III.    STATEMENT OF FACTS

1.     Plaintiffs designated Marshall Hull, CPA, of Regier, Carr & Monroe, L.L.P., (hereinafter "Regier"), as an expert in this case. (Plaintiffs' designation of expert witnesses Doc. 52.)

2.     Defendant requested the deposition of Mr. Hull and his deposition was completed on July 27, 2006. (Hull Depo Cover Page, attached as **Exhibit A**.)

3.     On August 31, 2006, Regier issued Invoice No. 17015 in the amount of $1,650. (Regier Invoice No. 17015, attached as **Exhibit B**.)

4.     Mr. Hull's hourly rate is $165 and his time for preparation, participation and completion of the deposition was ten hours. Mr. Hull's itemized statement read as follows:

> July 26, 2006
> 2.0 hours
> Review report prepared January 30, 2006 regarding Monsour's v. Menumaker, begin review of work papers to prepare for deposition.

>July 27, 2006
>3.7 hours
>Review of workpapers and preparation for deposition.
>
>July 27, 2006
>3.0 hours
>Deposition.
>
>August 3, 2006
>1.3 hours
>Review deposition transcript.

(Regier Invoice #17015, attached as **Exhibit B**.)

5. Defendant designated its expert as Kurt Breitenbach of Allen, Gibbs & Houlik, L.C., certified public accountants and consultants. (See Defendant's Expert Designation, Doc. 70.)

6. Mr. Breitenbach's hourly rate is $265 per hour. (Breitenbach Report, attached as **Exhibit C**.)

7. On September 12, 2006, defendant sent correspondence to plaintiffs' counsel stating it would only pay $660 for the deposition and stating its belief that only four hours of Mr. Hull's time was their responsibility. (Correspondence from Val Wachtel, dated September 12, 2006, attached as **Exhibit D**.)

8. Plaintiffs responded on September 22, 2006 providing detailed reasons with case law supporting the position that the entirety of Mr. Hull's bill should be paid in full. (Correspondence from Richard James, dated September 22, 2006, attached as **Exhibit E**.)

9. In the September 22, 2006 correspondence, plaintiffs stated:

September 22, 2006

Mr. Val Wachtel
Klenda, Mitchell, Austerman & Zuercher,
1600 EPIC Center
301 North Main
Wichita, KS 67202

Re:   Mark and Sheila Monsour and Monsour's, Inc. v. Menu Maker, Inc.
United States District Court, District of Kansas, Case No.: 05-1204-MLB

Dear Mr. Wachtel:

The purpose of this correspondence is to attempt to resolve the issue in regard to the amount of payment for our expert, Marshall Hull. This is also a response to your September 12, 2006 correspondence which was delivered via hand delivery to my partner, Dustin DeVaughn.

Please note that this correspondence is an effort to comply with District Court of Kansas Rule 37.2. If this matter is not resolved amicably and plaintiffs are forced to file a motion for determination by Judge Bostwick, we will be seeking all remedies provided by Fed. R. Civ. P. 26, 37 and 37.2.

This correspondence will outline our views on the deposition fee payment schedule in a distinct effort to work out an agreement short of involvement of Judge Bostwick. We do intend to attempt to discuss this matter with you personally in order to fully comply with the requirement of a "reasonable effort to confer" prior to the filing of our motion.

Pursuant to your correspondence, your position is that defendant is responsible for only $660 of Marshall Hull's deposition expense amounting to three hours for his appearance at the deposition and one hour for his deposition preparation for a total payment of $660. As we have previously discussed, Mr. Hull's agreed upon hourly rate was $165. Please note this is more than $100 less than the amount charged by your expert who is also an accountant with a competing accounting firm. Despite our efforts to be reasonable in the amount of fee and billing of this deposition, it appears that there may be an impasse as to the amount that Mr. Hull is owed for his time. It is our hope that after reviewing applicable case law and the rules of civil procedure that you will re-evaluate your position.

It is requested that you review Fed. R. Civ. P. 26(B)(4)(a) and (c). You will note that subsection 4(a) entitles a party to depose an expert and subsection (c) states: "The court shall require that the party seeking discovery pay the expert a reasonable fee for time spent in responding to discovery under this subdivision." *Id.* As you are well aware, Mr. Hull

4

appeared at his deposition pursuant to your notice of his discovery deposition that was filed with the court on June 27, 2006.

In regard to the payment for preparation time, you are directed to *Boos v. Prison Health Services*, 212 F.R.D. 578 (D. Kan. 2002). Perhaps this is a case that you are familiar with and the district court's ruling as the defendant in that case was represented by your partners, Mr. Austerman and Ms. Malicoat. In that published opinion, Judge Waxse ruled that "time spent in responding to discovery under this rule requiring party seeking discovery from an expert to pay 'a reasonable fee' for time and responding to discovery <u>includes a reasonable amount of time spent by an expert preparing for a deposition</u>."

I trust that this decision will help you arrive at the understanding that you are required to pay for the reasonable preparation time of Mr. Hull. However, if it does not, you are directed to additional cases by the judges in this jurisdiction which help establish such ruling. *See Kernke v. Menninger Clinic Inc.*, 202 WL 334901 (D. Kan. 2002) and *Zullig v. Kansas City Power & Light Co.*, 1989 WL 85335 (D. Kan 1989). Therefore, it would appear that we are down to determining the reasonable amount of time in preparation for this deposition.

You allege that Mr. Hull spent 5.7 hours of preparation time for his deposition because "it was his first deposition." However, such allegation is irrelevant to the amount of a reasonable preparation time. Again, we direct you to the *Boos* decision and the dispute between Mr. Levy and Mr. Austerman in the payment of expert fees. In that case, Mr. Levy and his client sought an order requiring Mr. Austerman's client to pay 3.5 hours of preparation time for a deposition that "lasted approximately an hour and a half." Judge Waxse determined that such a charge was a reasonable amount of time and compelled Mr. Austerman's client to pay for the preparation time in its entirety. In evaluating the length of the preparation time, Judge Waxse noted that "a review of the medical records after a lapse of one year is appropriate for [the doctor] to prepare to give his deposition."

The same analysis is applicable in this case. As I am sure you are well aware, both parties have produced voluminous amounts of discovery in this case establishing the parties' damages. The discovery records include detailed information of inventory and the price of the inventory that was necessary for evaluation in Mr. Hull's accounting determination. A review of the documents produced by the parties will reveal that defendant produced 3,880 documents. Similarly, plaintiffs have produced 1,941 documents. It is our opinion that Judge Bostwick will make a determination similar to Judge Waxse's that having to review this many documents and provide a detailed opinion on the fiscal position of plaintiffs makes such a detailed analysis and records review mandatory.

> You know very well that if Mr. Hull had not been prepared for the deposition and had repeatedly commented to Mr. Mitchell that he was unable to respond to his questions without a more thorough review of the documents, that we would be in front of Judge Bostwick on a Motion to Compel for Mr. Hull to properly prepare for his expert deposition. You cannot have it both ways. If you are going to request the deposition of Mr. Hull and a detailed accounting analysis of the case, it is entirely inappropriate to attempt to limit his time of preparation to one hour. As you will note, the ratio of preparation that Judge Waxse determined was reasonable in the *Boos* case was 3.5 hours of preparation for a 1.5 hour deposition. In this case, Mr. Hull has sought 5.7 hours of preparation time in order to participate in a 3 hour deposition.
>
> The only limitation in the *Boos* case was the court's determination that the doctor's hourly rate for review for the deposition was in excess of the standard fee. We are quite confident Judge Bostwick will determine that Mr. Hull's hourly rate for his report and preparation for the deposition was more than reasonable. If we need testimony to support the reasonableness of his fee, I anticipate we will have to contact your expert who will undoubtedly testify that $165 an hour is reasonable for appearing for a deposition of this nature.
>
> Please also note that Mr. DeVaughn requested that you agree to allow Regier Carr to cash your check in the amount of $660 without arguing that this was a release or an accord and satisfaction in this case. We have not heard from you.
>
> We have attempted to cooperate with you in good faith in regard to this case. However, your actions and the actions of your client are increasingly making it difficult. Your disputing the reasonable fee of Mr. Hull is causing both of us unreasonable fees and expenses. Not only do we intend to ask for fees if the matter proceeds before the judge at this time, you just continue to raise our attorney fee claim for which Mr. Graves will be responsible pursuant to the terms of contract when any recovery is made.
>
> We look forward to discussing these issues with you on the telephone so that a resolution can be made. After you have had an opportunity to review this correspondence and the case law cited, please telephone Dustin and the undersigned so that we can discuss the matter. In the event that we have not heard from you by September 29, 2006, we will attempt to telephone you to discuss the matter, then we will proceed with filing our motion.
>
> Thank you very much for your attention to this matter.

(Correspondence from Richard W. James dated September 22, 2006, **Exhibit E**.)

10. Plaintiffs' counsel did not receive a response from counsel for defendant so an e-mail was sent to counsel for defendant on October 18, 2006, stating in part, "I left a message for you earlier in the week and have not heard back from you. Please advise what your client's position is on the payment of Marshall Hull. I just need to hear from you so I can file a Motion to Compel payment of the expert." (October 18, 2006 e-mail correspondence, attached as **Exhibit F**.)

11. Counsel for defendant responded, "Have been out of town and in court. Have not been able to call you. Is there a compromise number between what you want and what I offered?" (October 18, 2006 e-mail correspondence, **Exhibit F**.)

12. Plaintiffs' counsel responded in part to defendant's counsel, "We believe Marshall's bill is reasonable and Judge Bostwick will rule that way. Thus, we are unwilling to settle for less. We also believe that Judge Bostwick may award fees related to our motion since we have produced case law and arguments establishing its reasonableness." (October 18, 2006 e-mail correspondence, **Exhibit F**.)

13. Defendant has not responded to that correspondence (October 18, 2006 e-mail, **Exhibit F**)**.**

14. Counsel for plaintiffs has spent 6.3 hours in conferring with counsel for defendant about Marshall Hull's invoice, research regarding the requirement of the opposing party to pay attorney fees, preparation of correspondence and preparation of this motion.

**IV.     ARGUMENTS AND AUTHORITIES**

The Federal Rules of Civil Procedure establish that defendant is responsible for the reasonable expenses incurred for the deposition of plaintiffs' designated expert. The rule states:

> (A) "A party may depose any person who has been identified as an expert whose opinions may be presented at trial. If a report from the expert is required under subdivision (a)(2)(B), the deposition shall not be conducted until after the report is provided.
>
> . . . .
>
> (C) Unless manifest and justice would result, (i) the court shall require that the party seeking discovery pay the expert a reasonable fee for time spent in responding to discovery under the subdivision; and (ii) with respect to discovery obtained under subdivision (b)(4)(B) of this rule, the court shall require the party seeking discovery to pay the other party a fair portion of the fees and expenses reasonably incurred by the latter party in obtaining facts and opinions from the expert.

(Fed. R. Civ. P. 26(b)(4)(A)(C)).

The party seeking the deposition of the other party's expert witness is required to pay the preparation time. Plaintiffs' counsel directed defendant's counsel to the ruling of Judge Waxse in *Boos v. Prison Health Services*, 212 F.R.D. 578 (D. Kan. 2002). In that case, Judge Waxse established that the rule requires that "time spent in responding to discovery under this rule requiring parties seeking discovery from an expert to pay a 'reasonable fee' for time and responding to discovery includes a reasonable amount of time spent by an expert preparing for a deposition." *Id.* Counsel for plaintiffs believed this case would be especially of assistance for defense counsel in determining to pay Marshall Hull's expert witness fees as the defendant in the *Boos* case was represented by the same law firm as the defendant in this case. The requirement of the party requesting a deposition to pay for the preparation time is also supported in *Kernke v.*

*Menninger Clinic, Inc.*, 2002 WL 334901 (D. Kan. 2002) and *Zullig v. Kansas City Power & Light Co.*, 1989 WL 85335 (D. Kan. 1989).

Despite these cases and their citations and quotes being provided to defendant's counsel, defendant still chose not to pay the reasonable expert fee. The cases above establish that preparation time is the responsibility of the party seeking the deposition. Therefore, the issue is what is a reasonable amount of preparation time by the plaintiffs' expert.

Defendant's counsel alleged in his correspondence that the reason he thought Mr. Hull's spent 5.7 hours of preparation time is because it was his first deposition and the insinuation that this amount of time was too great for a deposition that only lasted three hours. However, counsel for defendant was again directed to the *Boos* decision. In that case, the court determined that 3.5 hours of preparation time was reasonable for a deposition that only lasted an hour and a half. *Boos*, 212 F.R.D. at 580. In *Boos*, Judge Waxse determined that preparation time twice as long as the deposition time was reasonable and stated "a review of the medical records after a lapse of one year is appropriate for [the doctor] to prepare to give his deposition." *Id.*

In this case, there were also voluminous amounts of documents that were produced by the parties. A review of the documents reveals that defendant produced 3,880 documents and plaintiffs have produced 1,941 documents. Obviously, this is a document intensive case because of the complex nature of the contract and plaintiffs alleging that defendant breached the contract. Plaintiffs, prior to the merger, were supplying produce and food service involving a four-state area and were one of the largest employers in Pittsburg, Kansas

If Mr. Hull had appeared for his deposition and been evasive in his responses or repeatedly indicated that he did not know the answer and that he would have to review the documents, a Motion to Compel would have been filed by defendant for failure of plaintiffs to properly prepare Mr. Hull for his deposition. Mr. Hull's ratio of time spent for the length of the deposition was reasonable and is supported by Judge Waxse in the *Boos* decision.

Therefore, the next analysis is the hourly fee of plaintiffs' expert. Mr. Hull's hourly fee was $165 per hour while defendant's expert, Mr. Breitenbach, was $265 per hour. (Statement of Fact Nos. 4 and 6.) That fact alone establishes the reasonableness of Mr. Hull's hourly fee for an expert CPA in this jurisdiction.

Further, Mr. Hull's 1.3 hours to review his deposition transcript and ensure the accuracy of his responses was reasonable and should also be paid by defendant.

### **Plaintiffs Request Attorney Fees for the Filing of this Motion**

Plaintiffs respectfully move the court for $1,102.50 in fees.[1] Counsel for plaintiffs has been required to expend 6.3 hours in preparation of the motion, research for the motion and communicating with defendant's counsel.

Pursuant to D. Kan. Rule 37.2, counsel for plaintiffs has made repeated efforts to confer with counsel for defendant and encourage counsel for defendant to pay the reasonable fees of expert Marshall Hull. These efforts were for the purpose of saving both parties time and money as related to this motion. In fact, counsel for plaintiffs requested that defendant waive any accord and satisfaction arguments and allow the check tendered for $660 to be cashed by plaintiffs' expert, but counsel for defendant

---

[1] Plaintiffs' counsel's requested hourly rate is $175. This is a rate consistent with *Guaranty National Insurance Company v. McGuire*, 192 F. Supp. 2d 1204, 1210 (D. Kan. 2002).

made no response.  Fed. R. Civ. P. 37(a)(4) provides that <u>a moving party is entitled to fees for failure to cooperate in discovery</u>.  In this case, counsel for defendant's failure to cooperate in discovery has required the additional expenses of plaintiffs' counsel in filing this motion and also inconvenienced the accounting firm in obtaining the prompt payment of its invoices.  This conduct is sanctionable, and plaintiffs believe that attorney fees as requested above are appropriate.

## **CONCLUSION**

For the above and foregoing reasons, plaintiffs request that defendant tender a check to Regier, Carr & Monroe, L.L.P., in the amount of $1,650 and remit attorney fees in the amount of $1,102.50.

Respectfully Submitted,

s/ Richard W. James
Dustin L. DeVaughn, #16559
Richard W. James, #19822
*Attorney for Plaintiffs*
McDONALD, TINKER,
SKAER, QUINN & HERRINGTON, P.A.
R.H. Garvey Building
300 West Douglas Avenue, Suite 500
P.O. Box 207
Wichita, KS 67202-2909
Telephone: (316) 263-5851
Fax: (316) 263-4677
Email: ddevaughn@mtsqh.com
          rjames@mtsqh.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that on the 10th day of November, 2006, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

John Val Wachtel
Alex Mitchell
Klenda, Mitchell, Austerman
 & Zuercher,
Suite 1600, 201 North Main,
Wichita, KS 67202
Tele: 316.267.0221
Fax: 316.267.0333
jvwachtes@kmazlaw.com
Attorney for Defendant

Jeffrey Eastman
Keleher & Eastman Law Firm
403 N.W. Englewood Rd.
Gladstone MO 64118
Business Tele: 816.452.6030
Fax: 816.455.0969
Home: 816.436.1506
Cell: 816.213.0819
jse@keleher-eastman.com
Attorney for Defendant

                                              s/ Richard W. James
                                              Dustin L. DeVaughn, #16559
                                              Richard W. James, #19822
                                              *Attorney for Plaintiffs*
                                              McDONALD, TINKER,
                                              SKAER, QUINN & HERRINGTON, P.A.
                                              R.H. Garvey Building
                                              300 West Douglas Avenue, Suite 500
                                              P.O. Box 207
                                              Wichita, KS 67202-2909
                                              Telephone: (316) 263-5851
                                              Fax: (316) 263-4677
                                              Email: ddevaughn@mtsqh.com
                                                        rjames@mtsqh.com