ALVIN D. HERRINGTON
RICHARD T. FOSTER
LARRY D. SHOAF
ROBERT G. MARTIN
VINCENT A. BURNETT
P. KELLY DONLEY
M. KATHRYN WEBB
DUSTIN L. DEVAUGHN
EDWARD L. KEELEY
SCOTT E. SANDERS
RICHARD W. JAMES



# McDonald • Tinker
### Skaer, Quinn & Herrington P.A.
♦ ATTORNEYS AT LAW ♦

rjames@mtsqh.com

ASSOCIATES
MATTHEW J. SCHAEFER
DONALD H. SNOOK
JENNIFER M. HILL
DALLAS RAKESTRAW

OF COUNSEL
KEVIN M. MCMASTER

RETIRED
WILLIAM TINKER, JR.

September 22, 2006

Mr. Val Wachtel
Klenda, Mitchell, Austerman & Zuercher,
1600 EPIC Center
301 North Main
Wichita, KS 67202

Re:   Mark and Sheila Monsour and Monsour's, Inc. v. Menu Maker, Inc.
      United States District Court, District of Kansas, Case No.: 05-1204-MLB

Dear Mr. Wachtel:

The purpose of this correspondence is to attempt to resolve the issue in regard to the amount of payment for our expert, Marshall Hull. This is also a response to your September 12, 2006 correspondence which was delivered via hand delivery to my partner, Dustin DeVaughn.

Please note that this correspondence is an effort to comply with District Court of Kansas Rule 37.2. If this matter is not resolved amicably and plaintiffs are forced to file a motion for determination by Judge Bostwick, we will be seeking all remedies provided by Fed. R. Civ. P. 26, 37 and 37.2.

This correspondence will outline our views on the deposition fee payment schedule in a distinct effort to work out an agreement short of involvement of Judge Bostwick. We do intend to attempt to discuss this matter with you personally in order to fully comply with the requirement of a "reasonable effort to confer" prior to the filing of our motion.

Pursuant to your correspondence, your position is that defendant is responsible for only $660 of Marshall Hull's deposition expense amounting to three hours for his appearance at the deposition and one hour for his deposition preparation for a total payment of $660. As we have previously discussed, Mr. Hull's agreed upon hourly rate was $165. Please note this is more than $100 less than the amount charged by your expert who is also an accountant with a competing accounting firm. Despite our efforts to be reasonable in the amount of fee and billing of this deposition, it appears that there may be an impasse as to the amount that Mr. Hull is owed for his time. It is our hope that

EXHIBIT E

tel 316-263-5851 ♦ fax 316-263-4677 ♦ P.O. Box 207 ♦ Wichita, Kansas 67201-0207 ♦ www.mtsqh.c
Offices located at:  R.H. Garvey Building  ♦  300 West Douglas, Suite 500  ♦  Wichita, Kansas 67202

dockets.Justia.com

John Val Wachtel
September 22, 2006
Page 2

after reviewing applicable case law and the rules of civil procedure that you will re-evaluate your position.

It is requested that you review Fed. R. Civ. P. 26(B)(4)(a) and (c). You will note that subsection 4(a) entitles a party to depose an expert and subsection (c) states: "The court shall require that the party seeking discovery pay the expert a reasonable fee for time spent in responding to discovery under this subdivision." *Id*. As you are well aware, Mr. Hull appeared at his deposition pursuant to your notice of his discovery deposition that was filed with the court on June 27, 2006.

In regard to the payment for preparation time, you are directed to *Boos v. Prison Health Services*, 212 F.R.D. 578 (D. Kan. 2002). Perhaps this is a case that you are familiar with and the district court's ruling as the defendant in that case was represented by your partners, Mr. Austerman and Ms. Malicoat. In that published opinion, Judge Waxse ruled that "time spent in responding to discovery under this rule requiring party seeking discovery from an expert to pay 'a reasonable fee' for time and responding to discovery includes a reasonable amount of time spent by an expert preparing for a deposition."

I trust that this decision will help you arrive at the understanding that you are required to pay for the reasonable preparation time of Mr. Hull. However, if it does not, you are directed to additional cases by the judges in this jurisdiction which help establish such ruling. *See Kernke v. Menninger Clinic Inc.*, 202 WL 334901 (D. Kan. 2002) and *Zullig v. Kansas City Power & Light Co.*, 1989 WL 85335 (D. Kan 1989). Therefore, it would appear that we are down to determining the reasonable amount of time in preparation for this deposition.

You allege that Mr. Hull spent 5.7 hours of preparation time for his deposition because "it was his first deposition." However, such allegation is irrelevant to the amount of a reasonable preparation time. Again, we direct you to the *Boos* decision and the dispute between Mr. Levy and Mr. Austerman in the payment of expert fees. In that case, Mr. Levy and his client sought an order requiring Mr. Austerman's client to pay 3.5 hours of preparation time for a deposition that "lasted approximately an hour and a half." Judge Waxse determined that such a charge was a reasonable amount of time and compelled Mr. Austerman's client to pay for the preparation time in its entirety. In evaluating the length of the preparation time, Judge Waxse noted that "a review of the medical records after a lapse of one year is appropriate for [the doctor] to prepare to give his deposition."

The same analysis is applicable in this case. As I am sure you are well aware, both parties have produced voluminous amounts of discovery in this case establishing the parties' damages. The discovery records include detailed information of inventory and the price of the inventory that was necessary for evaluation in Mr. Hull's accounting determination. A review of the documents produced by the parties will reveal that

John Val Wachtel
September 22, 2006
Page 3

defendant produced 3,880 documents. Similarly, plaintiffs have produced 1,941 documents. It is our opinion that Judge Bostwick will make a determination similar to Judge Waxse's that having to review this many documents and provide a detailed opinion on the fiscal position of plaintiffs makes such a detailed analysis and records review mandatory.

You know very well that if Mr. Hull had not been prepared for the deposition and had repeatedly commented to Mr. Mitchell that he was unable to respond to his questions without a more thorough review of the documents, that we would be in front of Judge Bostwick on a Motion to Compel for Mr. Hull to properly prepare for his expert deposition. You cannot have it both ways. If you are going to request the deposition of Mr. Hull and a detailed accounting analysis of the case, it is entirely inappropriate to attempt to limit his time of preparation to one hour. As you will note, the ratio of preparation that Judge Waxse determined was reasonable in the *Boos* case was 3.5 hours of preparation for a 1.5 hour deposition. In this case, Mr. Hull has sought 5.7 hours of preparation time in order to participate in a 3 hour deposition.

The only limitation in the *Boos* case was the court's determination that the doctor's hourly rate for review for the deposition was in excess of the standard fee. We are quite confident Judge Bostwick will determine that Mr. Hull's hourly rate for his report and preparation for the deposition was more than reasonable. If we need testimony to support the reasonableness of his fee, I anticipate we will have to contact your expert who will undoubtedly testify that $165 an hour is reasonable for appearing for a deposition of this nature.

Please also note that Mr. DeVaughn requested that you agree to allow Regier Carr to cash your check in the amount of $660 without arguing that this was a release or an accord and satisfaction in this case. We have not heard from you.

We have attempted to cooperate with you in good faith in regard to this case. However, your actions and the actions of your client are increasingly making it difficult. Your disputing the reasonable fee of Mr. Hull is causing both of us unreasonable fees and expenses. Not only do we intend to ask for fees if the matter proceeds before the judge at this time, you just continue to raise our attorney fee claim for which Mr. Graves will be responsible pursuant to the terms of contract when any recovery is made.

We look forward to discussing these issues with you on the telephone so that a resolution can be made. After you have had an opportunity to review this correspondence and the case law cited, please telephone Dustin and the undersigned so that we can discuss the matter. In the event that we have not heard from you by September 29, 2006, we will attempt to telephone you to discuss the matter, then we will proceed with filing our motion.

John Val Wachtel
September 22, 2006
Page 4

Thank you very much for your attention to this matter.

Best regards,


Richard W. James
McDonald, Tinker
　Skaer, Quinn & Herrington, P.A.

RWJ:cre

cc:    Marshall Hull
G:\Menu Maker Foods, Inc 60035-001\Correspondence\Wachtel 092106.doc