# UNITED STATES DISTRICT COURT
# DISTRICT OF KANSAS

**MONTI L. BELOT**
**Judge**

November 13, 2006

111 U.S. Courthouse
401 N. Market
Wichita, Kansas 67202
(316) 269-6519

ALL COUNSEL OF RECORD

    Re: Mark Monsour, Sheila Monsour, and Monsour's, Inc. v. Menu Maker Foods, Inc., Case No. 05-1204-MLB

Dear Counsel:

    I have reviewed defendant's motions for summary judgment (Docs. 72, 86) and all responsive briefing thereto and I will benefit from oral argument regarding defendant's motion on plaintiffs' claims for damages.

    In its motion, defendant asserts plaintiffs have not offered evidence that will support a claim for damages on either the breach of contract claim based on inventory or the breach of contract claim based on produce. Plaintiffs have retained the services of expert Marshal Hull, CPA to estimate a loss of cash flow to Monsour's, Inc. from the alleged breaches of the parties' agreement. However, neither party has fully addressed the correct measure of damages under the Uniform Commercial Code, which apparently all parties agree applies to plaintiffs' claims.

    Therefore, at oral argument, the court directs the parties to specifically address the following issues:

    1.  The correct measure of damages for the breach of contract claim based on inventory, the specific facts (or lack thereof) that support that measure of damages and the witness or witnesses who will testify.

    2. The correct measure of damages for the breach of contract claim based on produce, the specific facts (or lack thereof) that support that measure of damages and the witness or witnesses who will testify.

    3. The relevance, if any, of CPA Hull's opinions as they relate to the U.C.C. measures of damages.

    4. A description of the inventory which defendant agreed to purchase (other than perishable items).

    5. Plaintiffs' interpretation of the non-compete agreement seems to be that they could not sell any of the inventory to anyone. Is this plaintiffs' position? If plaintiffs' interpretation is contested by defendant, were there potential

buyers for the inventory, and if so, who were they?

      6. What is the basis for defendant's defense of failure to mitigate damages?

      I will hear your arguments on Monday, November 20, 2006 at 1:30pm.

                                  Very truly yours,

                                  S/Monti Belot

                                  Monti L. Belot