KLENDA, MITCHELL, AUSTERMAN & ZUERCHER, L.L.C.
301 N. Main, Suite 1600
Wichita, KS 67202-4888
(316) 267-0331

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MARK MONSOUR, SHEILA MONSOUR and )
MONSOUR'S, INC., )
    Plaintiffs, )
)
vs. ) No. 05-1204-MLB
)
MENU MAKER FOODS, INC., )
    Defendant. )
)

## AFFIDAVIT

JON R. GRAVES, upon his oath, states the following of his own personal knowledge:

1. I am the President of the defendant, Menu Maker Foods, Inc., and am familiar with this litigation.

2. The Non-Competition Agreement between Mark Monsour and Monsour's Inc. on the one hand and Menu Maker Foods, Inc. on the other prohibited Mr. Monsour and his company from engaging in "a food distribution business (except permitted sales of produce to grocery stores and the right to continue produce sales to its current jobbers) within any county that Sellers or the Buyer are doing business as of this date."

3. I did not consider then nor now a bulk sale of inventory by Monsour's Inc. to be engaging in "a food distribution business." I had no objection to Monsour's bulk sale of its inventory to anyone.

4. Counties where neither Monsour's Inc. nor Menu Maker Foods, Inc. was doing business included those containing the cities of Springfield, MO, Topeka, KS,

1

Emporia, KS, Wichita, KS, St. Louis, MO, Tulsa, OK, Oklahoma City, OK, Little Rock, AR, Okmulgee, OK and Ft. Smith, AR.

5. The broadline and surplus food distributors in these cities who could have been available to purchase some or all of Monsour's inventory, and to whom Monsour's Inc. could have sold product without violating the covenant include:

> Springfield Grocer Company, Inc., PO Box 8500, Springfield, MO 65801
> Banta Foods, Inc., PO Box 8246, Springfield, MO 65801
> Gold Crown Food Company, 2140 E. McDaniel Street, Springfield, MO 65802
> Packers Distributing Company, 1301 E. Commercial Street, Springfield, MO 65803
> Roma of Springfield, 4551 W. Maple, Springfield, MO 65802
> American Foodservice, Inc., 290 SE Thompson Drive, Lees Summit, MO 64082
> Sysco Food Services of Kansas City, Inc., 1915 Kansas City Road, Olathe, KS 66061
> Lady Baltimore Foods, 1601 Fairfax Trafficway, Kansas City, KS
> US Foodservice, 4725 NW US Hwy. 24, Topeka, KS 66618
> EVCO Wholesale Food Corp., 309 Merchant Street, Emporia, KS 66801
> F&E Food Service, 2932 N. Ohio Street, Wichita, KS 67219
> Kuna Foodservice, 498 Bussen Underground Rd., St. Louis, MO 63129
> Allen Foods, 8543 Page Ave., Overland, MO 63114
> Moore Food Distributors Inc., 9910 Page Ave., St. Louis, MO 63132
> Droege Foodservice Company, PO Box 1427, Washington, MO 63090
> Fadler Co., 6511 E. 44th Street, Tulsa, OK 74145
> Ben E. Keith Foods of Oklahoma City, PO Box 8170, Edmund, OK 73083
> Western Foods Inc., 4717 Asher Ave., Little Rock, AR 72204
> Tankersley Foodservice, PO Box 607, Van Buren, AR 72957
> Ben E. Keith Foods of Little Rock, PO Box 637, North Little Rock, AR 72115
> Randy's Foods, 705 W. 6th Street, Okmulgee, OK 74447
> Fair Market Inc., PO Box 66936, St. Louis, MO 63166
> Osage Food Products, 120 W. Main Street, Washington, MO **63090**
> Covenant Food Marketing, Inc., 1141 Baltusrol Dr., O'Fallon, MO 63366

6. Under this covenant, Monsour's could have sold to restaurants, grocery stores and food-serving institutions within the foregoing cities. There are 795 potential such buyers in Springfield, MO, alone.

2

7. I was willing to assist Monsour's Inc. in the liquidation of its inventory that was not purchased by Menu Maker Foods, Inc. Paragraph 1 of section 1.1 of the Asset Purchase Agreement required my company to use its "best efforts to sell or assist in the sale of Monsour's remaining inventory." Section 2.1(4) obliged my company to "assist the Seller in selling inventory not necessary to Buyer to supply current customers of the Seller or the Buyer." I even directed my attorney, Robert Cowherd, to advise Mr. Monsour we were willing to modify the non-competition covenant to permit Monsour's to sell its remaining inventory without being in violation of the covenant. See the attached letter of August 21, 2002 from Mr. Cowherd to Mr. Mitchelson. No effort was made by the Monsours to propose or make such a modification.

Further affiant sayeth naught.

_____
Jon R. Graves

SUBSCRIBED AND SWORN TO before me this 17 day of November, 2006.

JANET L. ROSE
Notary Public - State of Missouri
Cole County
My Commission Expires Dec. 1, 2006

_____
Notary Public

3

**CHAPMAN, COWHERD, TURNER & TSCHANNEN, P.C.**

*DON CHAPMAN, JR.*
*ROBERT COWHERD*
*BRENT TURNER*
*THOMAS N. CHAPMAN*
*TERRY A. TSCHANNEN*
*ANDREA RAVENS VANDELOECHT*

ATTORNEYS-AT-LAW
903 Jackson Street
Chillicothe, Missouri 64601
Mailing Address: P.O. Box 228
Telephone: (660)646-0627
TeleFAX: (660)646-1105

*LEWIS A. CHAPMAN 1852-1928*
*NOLAN M. CHAPMAN 1889-1961*
*DON CHAPMAN 1891-1974*
*NOLAN CHAPMAN, JR. (Retired)*

*Sender's mail: rcowherd@ccttlaw.com*

August 21, 2002

Wheeler & Mitchelson
ATTN: Mr. Kevin Mitchelson
P.O. Box 610
Pittsburg, KS 66762-0610

RE:  Graves/Monsour's
     Our File: 5308

Dear Kevin:

I am in receipt of your letter dated August 9, 2002. I reviewed it with my client and would make this response to you.

First of all, as you and your client are aware, the Non-Competition clause does not contain any exception whatsoever regarding the sale or distribution of food products. In particular it does not include an exception for the sale of the unsold food products at Monsours, Inc. Therefore your clients are apparently admittedly in breach of their covenant.

Having said that however, my client wants to be more than reasonable and sympathetic to the position of your clients. Mr. Graves has indicated that he would be willing to sign a modification to the Non-Compete clause which permits your clients to sell or dispose of the remaining Monsours inventory (but no new items or inventory) without being in violation of the covenant. That position would seem to satisfy the needs of your client and clarify that my client is not permitting a breach of the covenant and thereby somehow waiving his rights under the covenant.

If you concur with this position to resolve the issue, why don't you draw up an amendment and send it up for me to look at. We understand that Mark and Rick both are probably engaged in resale of the inventory and so we probably need an amendment for each of their covenants.

Very truly yours,

CHAPMAN, COWHERD, TURNER & TSCHANNEN, P.C.

BY: *Robert Cowherd*

Robert Cowherd
RC/dh
cc:  Mr. Creighton Cox

F:\WP60\5308\Monsours\Kevin Mitchelson - Aug 21.wpd

D 0 0 1 2 4