# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

MARK MONSOUR, SHEILA MONSOUR  )
and MONSOUR'S INC. )
)
                 Plaintiffs, )
vs. )   Case No. 05-1204-MLB
)
MENU MAKER FOODS, INC., )
)
                 Defendants. )
)

## DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION REQUIRING DEFENDANT TO PAY COSTS ASSOCIATED WITH DEPOSITION OF PLAINITFFS' EXPERT

COMES NOW the defendant, by and through its attorneys of record John Val Wachtel and Alexander B. Mitchell, of Klenda, Mitchell, Austerman & Zuercher, L.L.C., and hereby submits this memorandum in response to the Plaintiffs' Motion Requiring Defendant to Pay Costs Associated with Deposition of Plaintiffs' Expert, (hereinafter as necessary "plaintiffs' motion").

## STATEMENT OF THE NATURE OF THE CASE

This litigation is a suit for damages based upon the plaintiffs' allegations that the defendant breached an Asset Purchase Agreement (hereinafter "the Agreement"), pursuant to the terms of which the plaintiff Monsour's, Inc., sold, and the defendant acquired, certain food service inventory items then belonging to the plaintiff Monsour's, Inc. The Agreement also provided that the defendant was to purchase substantially all of its fresh produce requirements from Monsour's, Inc., under terms more specifically set out in the Agreement, and as the Agreement was amended from time to time by the conduct and the oral agreements of the defendant and Monsour's, Inc. The Agreement was executed by all parties to this litigation. The

Agreement also contained a clause pursuant to which the parties agreed that the Agreement would be construed according to the laws of the State of Missouri.

On June 30, 2005, the plaintiffs filed their Complaint in this case. The Complaint contained six counts. Counts I and II alleged breach of contract for food service item purchases, Counts III and IV alleged breach of contract on produce purchases, Count V alleged fraud, and Count VI alleged that the plaintiffs were entitled to punitive damages. The defendant answered the Complaint denying the plaintiffs' allegations of breach of contract, fraud and punitive damages. Discovery proceeded, and in January 2006, the plaintiffs voluntarily dismissed Counts V and VI – the claims for fraud and seeking punitive damages.

Motions for summary judgment have been filed by the defendant. On October 29, 2006, Judge Belot entered an order granting defendant's summary judgment motion to dismiss the claims of Mark and Sheila Monsour. (See Doc. 97.) Currently pending before the district court is defendant's motion for summary judgment seeking dismissal of the claims of the plaintiff Monsour's Inc. Oral argument has been heard on that motion, and the court has asked the parties to submit additional information and argument.

### STATEMENT OF FACTS RELEVANT TO THE PRESENT MOTION

1. Plaintiffs' statement 1 is admitted.

2. Plaintiffs' statement 2 is admitted.

3. Plaintiffs' statement 3 is admitted; however, defendant points out that the itemized statement contained in Exhibit B was not the original statement presented to defendant for payment.

4. Plaintiffs' statements 4, 5, 6, 7, 8, 9, 10 and 11 are admitted.

5. Plaintiffs' statement 12 is admitted; however defendant notes that the statement is contained within an e-mail which defendant's counsel has no recollection of having seen. A review of defense counsel's e-mail tray has no record of Exhibit F having been delivered. By so saying defense counsel does not deny that the denial of compromise contained in Exhibit F was sent by plaintiffs' counsel, rather, defense counsel points out the notice of plaintiffs' unwillingness to compromise was never received.

## ARGUMENT AND AUTHORITIES

The Federal Rules of Civil Procedure address compensation of opposing expert witnesses by opposing parties. As relevant here, that rule provides:

> (C) Unless manifest injustice would result, (i) the court shall require that the party seeking discovery pay the expert a reasonable fee for time spent in responding to discovery under this subdivision; and (ii) with respect to discovery obtained under subdivision (b)(4)(B) of this rule the court shall require the party seeking discovery to pay the other party a fair portion of the fees and expenses reasonably incurred by the latter in obtaining facts and opinions form the expert.

Rule 26(b)(4)(C), Federal Rules of Civil Procedure. There is a difference between the payment of all of an expert's fees and the payment of a reasonable fee.

In *Boos v. Prison Health Services*, United States Magistrate Waxse noted that in this District, despite the fact that no cases had addressed the issue of whether an expert's time preparing for a deposition constituted 'time spent in responding to discovery' under Rule 26(b)(4)(C), it has been the court's "general practice to require defendants to pay for at least some of plaintiff's expert witness's time spent preparing for their deposition. *Boos v. Prison Health Services*, 212 F.R.D. 578, 579 (2002). Magistrate Waxse then went on to hold that the rule "includes a reasonable amount of time spend [*sic*] by an expert preparing for a deposition." *Id*.

The defendants argue that despite the holding in *Boos*, defendant has been unreasonable in refusing to pay all the fees demanded by their expert. Boos does not require paying all fees, it only mandates the payment of reasonable fees. Mr. Hull's fees are not reasonable.

Mr. Hull was a neophyte in the world of expert witnesses – the present case the first, and thus far only, case in which he has been called upon to act as an expert. Certainly this case has been a document intensive case, however the number of documents existing does not justify Mr. Hull's deposition preparation time. He did after all, one assumes, extensively review all documents relevant to arriving at his opinion before he arrived at it. Had he not, he should not be heard to want to charge the defendant for time spent now so doing.

The defendant contends that it is unreasonable to pay Mr. Hull a fee for 5.7 hours of deposition preparation time. Frankly, a fee of 3 hours of preparation time seems excessive; however, defendant would suggest that the Court might find that time reasonable, and the defendant commends this issue to the sound discretion of this Court.

Plaintiffs contend that Mr. Hull's deposition lasted three (3) hours. The defendant believes, based upon the recollection of Alex Mitchell who took the deposition and based as well upon the recollection of the certified reporter, that the deposition lasted no longer than two and one half hours. The deposition indicates that it commenced at 1:00 p.m. (see Deposition of Marshall Hull, p. 1, a copy of which is attached hereto, marked as Exhibit A, and incorporated herein by reference); however he deposition contains no recording of the time at which it was completed. The deposition consists of sixty-five (65) pages of text, which is in keeping with a deposition lasting two and one half hours. However, the defendant is and has been willing to pay Mr. Hull for the three hours he claims to have spent in deposition.

Mr. Hull seeks reimbursement for 1.3 hours of time spent reviewing the deposition transcript. This post deposition review time does not constitute 'preparation time' and it does not fall within the rule set out in *Boos*.[1]  An examination of the deposition of Mr. Hull reveals that the defendant did not ask Mr. Hull to read and sign his deposition. *See* Deposition of Hull, Exhibit A, p. 67. For reasons unknown to the defense, plaintiffs seek to charge the defendant for time spent by their expert following his deposition. Plaintiffs support the claim for these fees by saying, "Further, Mr. Hull's 1.3 hours to review his deposition transcript and ensure the accuracy of his responses was reasonable and should also be paid by the defendant." That Mr. Hull chose – or was directed by plaintiffs counsel – to read his and sign his deposition, cannot be charged to defendant. Such a charge is unreasonable and this Court should not order it paid.

To ask that the defendant to pay this fee is overreaching and unfair, especially in circumstances such as these – circumstances in which the defense did not ask Mr. Hull to either read or sign the deposition. The defense can only assume, it does not know, that the plaintiffs insisted to Mr. Hull that he read and sign the deposition. These charges should not be placed at the defendant's doorstep.

Plaintiffs compare the fee charged by their expert to the fees charged by the defendant's expert. The purpose of that comparison is murky at best. However the hourly fees charged by defendant's expert are utterly irrelevant to the amount of time charged by plaintiffs' expert for which reimbursement is sought. This particular argument should be ignored.

Plaintiffs' counsel seeks attorneys fees for the motion. They ask for an award of $1,102.50. The dispute between the parties as to Mr. Hull's expert witness fees is a reasonable

---

[1] The plaintiffs also cited the unpublished cases of <u>Kernke v. Menninger Clinic, Inc</u>., 2002 WL 33490 (D.Kan. 2002) and <u>Zullig v. Kansas City Power & Light</u>, 1989 WL 85335 (D.Kan. 1989), neither of which address the question of whether a defendant should incur fees for the time the expert spent reviewing his deposition transcript.

5

dispute. The fees sought by plaintiffs' counsel is unreasonable, and under the circumstances, utterly unnecessary. No award of fees should be made.

## CONCLUSION

For the above and foregoing reasons, the defendant prays that this Court not order it to pay the full fees requested by plaintiffs for Mr. Hull. The fee which the defendant offered to pay is reasonable under the facts and circumstances in this case. Even should this Court determine that some additional fees should be paid by this defendant, it should conclude that the 5.7 hours of preparation time are unreasonable, and reduce that charge. In addition, this Court must conclude that the 1.3 hours spent by Hull reviewing the transcript of his deposition is not chargeable to this defendant. The defendant respectfully requests that the plaintiffs' motion be denied.

Respectfully submitted,

KLENDA, MITCHELL, AUSTERMAN & ZUERCHER, L.L.C.

s/John Val Wachtel
John Val Wachtel, #08310
Alex B. Mitchell, #08204
301 N. Main, 1600 Epic Center
Wichita, KS 67202-4888
Tele.: (316) 267-0331
Fax: (316) 267-0333
jvwachtel@kmazlaw.com
Attorneys for Defendant

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 18th day of December, 2006, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system which will send electronic notice of this filing to:

Dustin DeVaughn
McDonald, Tinker, Skaer, Quinn
 & Herrington, P.A.
200 W. Douglas, Ave., Ste 500
Wichita, KS  67202
ddevaughn@mtsqh.com
Attorney for Plaintiffs

                                            s/John Val Wachtel
                                            John Val Wachtel

KMAZ Document No. 3228028