IN UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| MONSOUR'S, INC. ) | |
| ) | |
| Plaintiff, ) | Case No. 05-1204-MLB |
| ) | |
| v. ) | |
| ) | |
| MENU MAKER FOODS, INC., ) | |
| ) | |
| Defendant. ) | |
| ) | |

## **PLAINTIFF'S PROPOSED JURY INSTRUCTIONS**

Plaintiff Monsour's, Inc., (hereinafter "Monsour's"), by and through its counsel of record, Dustin L. DeVaughn and Richard W. James of McDonald, Tinker, Skaer, Quinn & Herrington, P.A., provides the Court with plaintiff's proposed jury instructions as follows:

**Instruction No. 1.**

A contract is an agreement between two or more persons consisting of a set of promises that are legally enforceable.

*Shofler v. Jordan*, 284 S.W.2d 612 (Mo. App. 1955); *see also generally* PIK, 3d 124.01 for additional guidance and authority.

**Instruction No. 2.**

The essential elements of an action based on a contract are:

(1) The existence of a valid contract;

(2) The rights and obligations of the respective parties;

(3) The defendant's breach of the contract; and

(4) Damages to plaintiff caused by the breach.

*Howe v. ALD Services, Inc.*, 941 S.W.2d 645 (Mo. App. E.D. 1997); *cf.*, PIK, 3d 124.01

**Instruction No. 3.**

A contract may be made in any manner sufficient to show agreement. It may be oral or written, or implied from the conduct of the parties. An agreement is sufficient to constitute a contract even though the exact time of its making cannot be determined.

MO. ANN. STAT. 400.2-204(1) and *Computer Network, Ltd. v. Purcell Tire & Rubber Co.* 747 S.W.2d 669 (Mo. App. E.D. 1988); *see generally also* PIK, 3d 124.03

**Instruction No. 4.**

A promise which the promisor should reasonably expect to induce action or forebearance of a definite and substantial character on the part of the promise and which does induce such action or forebearance, is binding if injustice can be avoided only by enforcement of the promise.

Restatement of Contracts (Second), §90 subsection 1; *Footwear Unlimited, Inc. v. Katzenber.*, 683 S.W.2d 691 (Mo. App. E.D. 1984); *see generally also* PIK, 3d 124.13

**Instruction No. 5.**

A contract may be modified or changed by a later oral or written agreement. Whether or not the parties to this action have modified or changed the original contract is for you to determine.

*Willis v. Community Developers, Inc*. 563. S.W.2d 104 (Mo. App. 1978); PIK, 3d 124.16

**Instruction No. 6.**

With respect to plaintiff's breach of contract claim concerning the food service inventory, your verdict must be for plaintiff if you believe:

First, plaintiff and defendant entered into any agreement whereby defendant agreed to purchase all of plaintiff's inventory, except produce, which is in a good, wholesome and 100%

resellable condition and which are presently being sold to current customers of defendant or to selected customers of plaintiff, the estimated value of which the parties determined to be $750,000 to $800,000, and

    Second, plaintiff performed its agreement, and

    Third, defendant failed to perform its agreement, and

    Fourth, plaintiff was thereby damaged.

MISSOURI APPROVED INSTRUCTIONS (MAI), 26.06 (1981 Revision)

    **Instruction No. 7.**

With respect to plaintiff's breach of contract claim concerning the remaining food service inventory defendant was to give its best efforts to sell or to assist in the sale, your verdict must be for plaintiff if you believe:

    First, plaintiff and defendant entered into any agreement whereby defendant agreed to make its best efforts to sell or assist in the sale of plaintiff's remaining food service inventory, and

    Second, plaintiff performed its agreement, and

    Third, defendant failed to perform its agreement, and

    Fourth, plaintiff was thereby damaged.

MISSOURI APPROVED INSTRUCTIONS (MAI), 26.06 (1981 Revision)

    **Instruction No. 8.**

With respect to plaintiff's breach of contract claim concerning produce, your verdict must be for plaintiff if you believe:

First, plaintiff and defendant entered into any agreement whereby defendant agreed to purchase substantially all of its produce requirements through Monsour's that met or exceeded defendant's house acceptability standards, and

Second, plaintiff performed its agreement, and

Third, defendant failed to perform its agreement, and

Fourth, plaintiff was thereby damaged.

MISSOURI APPROVED INSTRUCTIONS (MAI), 26.06 (1981 Revision)

**Instruction No. 9**

When the buyer fails to pay the price as it becomes due, the seller may recover the price of goods accepted or of conforming goods lost or damaged within a commercially reasonable time after risk of their loss has passed to the buyer.

MO. ANN. STAT. 400.2-709(1)(a).

**Instruction No. 10**

When the buyer fails to pay the price as it becomes due, the seller may recover the price of goods identified to the contract if the seller is unable after reasonable effort to resell them at a reasonable price or the circumstances reasonably indicate that such effort will be unavailing.

MO. ANN. STAT. 400.2-709(1)(b).

**Instruction No. 11**

For future lost sales, the measure of damages is the profit (including reasonable overhead) which the seller would have made from full performance by the buyer, together with any incidental damages.

MO. ANN. STAT. 400.2-708(2).

**Instruction No. 12.**

If you find for the plaintiff, then you should award the plaintiff such sum as you believe will fairly and justly compensate the plaintiff for the damages you believe it sustained as a direct result of the breach of contract by the defendant.

In determining plaintiff's damages you should consider any of the following elements of damage that you find were the result of the breach:

a. Damages for breach of contract pertaining to the food service inventory that was to be purchased, amounting to $500,000.

b. Damages for breach of contract pertaining to the remaining food service inventory that defendant was to make its best efforts to sell or assist in the sale amounting to $216,414.35; and

c. Damages for breach of contract pertaining to the purchase of produce amounting to $1,204,350.

The total amount of your verdict may not exceed the sum of $1,920,764.40, the amount of plaintiff's claim.

PIK, 3d 124.16

Respectfully Submitted,


s/ Dustin L. DeVaughn
Dustin L. DeVaughn, #16559
Richard W. James, #19822
Donald H. Snook, #21775
*Attorney for Plaintiffs*
McDONALD, TINKER,
SKAER, QUINN & HERRINGTON, P.A.
R.H. Garvey Building
300 West Douglas Avenue, Suite 500
P.O. Box 207
Wichita, KS 67202-2909
Telephone: (316) 263-5851
Fax: (316) 263-4677
Email: ddevaughn@mtsqh.com
       rjames@mtsqh.com
       dsnook@mtsqh.com

## CERTIFICATE OF SERVICE

  I hereby certify that on the 29th day of December, 2006, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

John Val Wachtel  
Alex Mitchell  
Klenda, Mitchell, Austerman  
 & Zuercher,  
Suite 1600, 201 North Main,  
Wichita, KS 67202  
Tele: 316.267.0221  
Fax: 316.267.0333  
jvwachtes@kmazlaw.com  
Attorney for Defendant  

Jeffrey Eastman  
Keleher & Eastman Law Firm  
403 N.W. Englewood Rd.  
Gladstone MO 64118  
Business Tele: 816.452.6030  
Fax: 816.455.0969  
Home: 816.436.1506  
Cell: 816.213.0819  
jse@keleher-eastman.com  
Attorney for Defendant  

And a courtesy copy was hand delivered to the chambers of:

Honorable Monti L. Belot

s/ Dustin L. DeVaughn
Dustin L. DeVaughn, #16559
Richard W. James, #19822
Donald H. Snook,#21775
*Attorney for Plaintiffs*
McDONALD, TINKER,
SKAER, QUINN & HERRINGTON, P.A.
R.H. Garvey Building
300 West Douglas Avenue, Suite 500
P.O. Box 207
Wichita, KS 67202-2909
Telephone: (316) 263-5851
Fax: (316) 263-4677
Email: ddevaughn@mtsqh.com
rjames@mtsqh.com
dsnook@mtsqh.com
