Monsour et al v. Menu Maker Foods Inc
Case 6:05-cv-01204-JTM    Document 104-19    Filed 12/30/2006    Page 1 of 3
Doc. 104 Att. 18

# Exhibit Q

## AFFIDAVIT OF DENNIS HUGHES

STATE OF MISSOURI    )
                     ) SS
COUNTY OF GREENE     )

The undersigned, Dennis Hughes, of lawful age and being first duly sworn upon his oath and personal knowledge deposes and states:

1. I currently reside in Willard, Missouri and have 23 years of experience in the wholesale food business.

2. I was an employee of Monsour's, Inc. for two years. While employed by Monsour's, Inc., I was a produce buyer. In this position, I had direct knowledge of the produce that was being purchased from our wholesalers and produce that was being shipped to our customers.

3. Following the asset sale, I personally observed the produce that was being shipped by Monsour's, Inc. to Menu Maker Foods. This produce was marketable quality.

4. Despite the fact the produce was marketable quality, Menu Maker Foods would summarily reject the produce claiming that it did not meet its quality standards.

5. After Menu Maker Foods summarily rejected the produce on several occasions, Mark Monsour retained a USDA inspector to review the shipments.

6. The USDA inspector reviewed the produce prior to its shipment and determined the produce was the proper quality according to the USDA Handbook. Menu Maker Foods then summarily rejected this produce.

7. From my knowledge and observations, Menu Maker Foods wanted Monsour's, Inc. to fail and not be able to meet the produce agreement.

8. At all times relevant herein, Ron Orr was the produce manager for Menu Maker.

9. Based upon my observations, Mr. Orr was intentionally trying to make Monsour's, Inc. fail. For instance, Mr. Orr would request a particular grade or type of produce to be sent to him, then he would reject it and say he wanted another one.

10. The entire atmosphere at Menu Maker Foods, Inc. seemed to be premised on making Monsour's, Inc. fail.

11. I even recall a meeting with Dick Graves where we discussed the produce situation and the produce that was rejected despite being of the proper quality.

12. Based upon my observations, Mr. Graves essentially agreed with Monsour's, Inc.'s assertions that the produce Monsour's, Inc. was providing was of proper quality and consistent with the produce ordered.

13. Based upon my observations, Mr. Graves knew that Monsour's, Inc. was in financial trouble and could not financially survive for a prolonged period of time without Menu Maker Foods' cash flow.

14. The entire time that Monsour's Inc. was supplying Menu Maker produce, Menu Maker continued to buy the vast majority of its produce from other sources.

15. Based upon my observations and personal knowledge, Monsour's, Inc. worked very hard to meet Menu Maker Foods' demands and send them high quality produce at a fair price.

16. Menu Maker Foods' conduct in failing to purchase substantially all of its produce requirements as required by the Asset Purchase Agreement was directly responsible for Monsour's, Inc.'s failure to meet its financial obligations.

FURTHER AFFIANT SAITH NAUGHT.

_____
DENNIS HUGHES

Subscribed and sworn to before me, a Notary Public for the aforementioned state and county, this _12_ day of _October_, 2005.

_____
Notary Public

My appointment expires:
3-13-07

KRIS JOHNSON
Notary Public - Notary Seal
State of Missouri
County of Barry
My Commission Exp. 03/13/2007