IN UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| MONSOUR'S, INC. ) | |
| ) | |
| Plaintiff, ) | Case No. 05-1204-MLB |
| ) | |
| v. ) | |
| ) | |
| MENU MAKER FOODS, INC., ) | |
| ) | |
| Defendant. ) | |

**REPLY BRIEF IN SUPPORT OF PLAINTIFF'S MOTION
REQUIRING DEFENDANT TO PAY COSTS
ASSOCIATED WITH DEPOSITION OF PLAINTIFF'S EXPERT**

Plaintiff, by and through its attorneys of record, Dustin L. DeVaughn and Richard W. James of McDonald, Tinker, Skaer, Quinn & Herrington, P.A., hereby submits this reply memorandum in support of its motion requiring defendant to pay costs associated with the deposition of plaintiff's expert, Marshall Hull, Certified Public Accountant with Regier, Carr & Monroe LLP.

**I.      Reply to Facts Presented by Defendant**

Defendant has submitted no additional Statement of Facts that are properly supported by citation to the record. This is specifically contrary to D. Kan. Rule 7.6(a)(2) which states, "All briefs and memoranda filed with the Court shall contain: "<u>a concise statement of the facts. Each statement of fact should be supported by reference to the record in the case.</u>" *Id.* (Emphasis added.) Further, defendant does not provide any support for its arguments in opposition to plaintiff's facts and they should be deemed admitted.

Instead of cites to the record, defendant makes outlandish unsupported responses. First, defendant alleges that counsel does not "have a recollection" of receiving Rule 37 e-mails from plaintiff's counsel, despite the e-mail containing defense counsel's e-mail address and a record

showing the e-mail was sent by plaintiff's counsel. (Defendant's Response, p. 3.) Defendant counsel has also alleged that "based upon the recollection of Alex Mitchell, who took the deposition, and based as well upon the recollection of the certified court reporter, the deposition lasted no longer than 2-1/2 hours." (Defendant's response, p. 4.)

All of defendant's allegations to this Court are unsupported by the record. The unsupported allegations are the exact reason the local rules require support to the record. Defendant makes an allegation in this case, but with nothing to support it. Noticeably absent from defendant's response brief is an affidavit from Alex Mitchell as to the amount of time that he spent in the deposition. Similarly, noticeably absent is an affidavit from the court reporter indicating that the deposition took 2-1/2 hours. Further, counsel for defendant could present their time tickets indicating what they billed the defendant for participation in the deposition. However, defense counsel did not do so. Therefore, these arguments cannot, and should not, be considered by the Court.

In contrast, plaintiff's counsel properly submitted the invoice from plaintiff's expert, Regier Carr, an affidavit as to the amount paid by plaintiff's counsel for Mr. Hull's report, and correspondence that was exchanged by the parties supporting the claim for expert fees in this case.

## II.    Argument and Authorities

Counsel for defendant took a similar tactic in the Argument and Authorities section in arguing that plaintiff's expert's bill should be reduced. Instead of citing case law supporting his opinion, defendant regurgitated the same cases cited in plaintiff's motion and again argued with unsupported factual allegations about the length of the deposition and the time spent in the preparation and the time for the deposition of plaintiff's expert, Marshall Hull, C.P.A.

2

PDF created with pdfFactory trial version www.pdffactory.com

Counsel for defendant continued the mudslinging by classifying defendant's expert as a "neophyte" and arguing that this status denies him the right to be compensated fairly for his time. In addition to this being incredibly disrespectful to a certified public accountant with a respected public accounting firm in Wichita, defendant has provided no support that an individual testifying as an expert for the first time is entitled to less compensation than an expert who is a notorious "hired gun" or "frequent flyer" in the world of expert testimony. In fact, courts frown upon experts who do not practice their particular trade but instead testify in court proceedings full time. For example, the Kansas legislature has passed what is known as the "50 percent rule" which requires that a medical doctor practice at least 50 percent of the time in order to testify as to the standard of care in medical malpractice cases. See K.S.A. 60-3412.

Despite only providing unsupported allegations, defendant requests the Court reduce the expert time. Plaintiff asserts that the 5.7 hours of preparation time of Marshall Hull is reasonable in light of the 3 hour deposition time when defendant has produced 3,881 documents and plaintiff has produced 1,941 documents discussing a complex Asset Purchase Agreement for two large suppliers in the food industry.

Plaintiff incorporates by reference the cases cited in its motion which support its position, and also directs the Court to *Nelson v. Calvin*, 2002 WL 1071937 (D. Kan. 2002). In the *Nelson* opinion, Judge Murguia states: "As a general rule, this court does not believe it is appropriate to second guess the amount of time it takes an expert to prepare for a deposition." *Id.* at 1. In contrast, defendant requests that we second guess the time of a certified public accountant based upon the allegation that he was a "neophyte" expert. Judge Murguia continues his analysis to note that 30 hours of deposition preparation time might be excessive for a deposition that lasts only 4.5 hours. *Id.* at 1. Therefore, Judge Murguia determined that a more reasonable ratio is for

3

PDF created with pdfFactory trial version www.pdffactory.com

defendant to be responsible for the payment of 17.5 hours of the deposition preparation time of the expert in that case for a deposition that lasted 4.5 hours. It should be noted that even Judge Murguia's reduced amount represents a ratio of preparation time to actual participation in the deposition that is less than that of what plaintiff's expert, Marshall Hull, is requesting in this case. (5.7 hours of preparation for a 3.0 hour deposition.)

Opposing parties have tried many tactics to avoid the payment of expert witness fees and suggested many measurements to show an expert's fees are excessive. No matter which measurement is used, it is readily apparent that Mr. Hull's time is reasonable and should be paid. For example, in *Maasen v. Zwibelman*, 2001 WL 309116 (D. Kan. 2001), Judge Lungstrum considered additional theories for the reduction of expert witness fees. In that case, the defendant argued that plaintiff's expert's hourly rate was unfair as there was a separate rate for deposition preparation time and the reviewing of records. However, defendant in this case came forth with no authority supporting that the doctor's separate rates were inappropriate or unreasonable. *Id.* at 1. Therefore, Judge Lungstrum determined that without proper authority, the rate was reasonable and defendant should be responsible for payment of the rates. This is analogous to this case. Defendant has come forth with no authority stating that Marshall Hull's preparation time or his rate is unreasonable based upon case law or the work of anyone similar in the accounting field. Therefore, this Court should act as Judge Lungstrum did and grant plaintiff's motion in its entirety because defendant has no authority to support its position.

Judge Lungstrum also evaluated a second argument by defendant Zwibelman that plaintiff's expert billed the same amount of time to prepare his expert report as he did in preparing for the deposition. *Id.* at 2-3. This argument has not been submitted by defendant in this case. However, for purposes of comparison, plaintiff directs the Court to a comparison of

4

PDF created with pdfFactory trial version www.pdffactory.com

the time Marshall Hull spent in preparation of his expert report as to preparation for his deposition. Marshall Hull spent 29.69 hours in preparation of his expert report and was paid $4,750 by our firm. (Affidavit of Richard W. James, attached as **Exhibit A**.) In contrast, Mr. Hull spent only 5.7 hours in preparation for his deposition.

The authorities in this jurisdiction are clear that defendant is responsible for the entirety of Marshall Hull's bill and the court should require plaintiff to tender a check to Regier, Carr & Monroe, LLP, in the amount of $1,650.

**III.    Plaintiff is entitled to attorney fees for being required to complete this motion.**

Plaintiff is aware that the Court is reluctant grant attorney fees. However, defendant's conduct and the case law supporting attorney fees as a sanction both indicate this would be an appropriate situation for fees to be awarded.

The purpose of discovery sanctions is not merely to reimburse the wronged party or penalize the offending party, but to deter others from engaging in similar conduct. *See National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 643 (1976) cited with approval in *McAfee v. U.S.D. 259*, 2006 WL 1933800 (D. Kan. 2006).

Further, the Tenth Circuit has determined "the limit of any sanction award should be that amount reasonably necessary to deter the wrongdoer. *White v. GMC*, 908 F.2d 675, 685 (10th Cir. 1990). Defendant's conduct in this case is an affront to Federal Rules of Civil Procedure and the process for deposing experts. Further, if others are entitled to engage in the conduct of defendant, Fed. R. Civ. P. 26(b)(4)(C) will be undermined. The rule is simple – if you depose an expert, you are required to pay the expenses related to the deposition including the expert's fee for participation and preparation for the deposition.

5

PDF created with pdfFactory trial version www.pdffactory.com

Defendant in this case requested the deposition of plaintiff's expert. The hourly fees of plaintiff's expert were properly disclosed. Defendant's counsel conducted the deposition and received a bill for services. Defendant counsel refused to pay the reasonable fee. Further, after discussions, defendant's counsel refused to provide any case law (before a Motion to Compel was filed) to support its position for refusal to pay the reasonable fee. In contrast, plaintiff, in good faith, provided written correspondence citing applicable case law in this jurisdiction that the attorney fees should be paid. Plaintiff's counsel also initiated discussions about the fee with defendant's counsel. Despite these good faith efforts by plaintiff's counsel, defendant refused to pay plaintiff's expert.

Plaintiff filed a Motion to Compel citing the same facts and case law as in the golden rule letter. Defendant continued to refuse to pay plaintiff's reasonable expert witness, did not cite one single case that was not cited in plaintiff's brief and filed no exhibits supporting its unsupported allegations. Instead, defendant attacked the credibility of plaintiff's expert with baseless unsupported attacks on his qualifications. Defendant's continual delay has prevented plaintiff's expert and his accounting practice from being paid for services related to this case for <u>over six months</u>. Still despite the delay, defense counsel has failed to find a single original authority or exhibit to support its position.

This is conduct the Court must deter. If defendant is entitled to not pay a plaintiff's expert witness and simply require the plaintiff to file a Motion to Compel and wait six months for the payment to occur, our system of judicial economy will be threatened. First, it will be difficult for plaintiffs to get experts under the knowledge that they potentially will not be compensated for depositions for over six months. Second, it greatly increases the expenses and attorney fee time for plaintiff counsel if every expert deposition is going to require a golden rule

PDF created with pdfFactory trial version www.pdffactory.com

letter to satisfy Rule 37, multiple telephone conversations and e-mail correspondence to satisfy Rule 37, and filing of a Motion to Compel before the Court. Instead, counsel for defendant is allowed to continue its dilatory, delayed practices to the detriment of plaintiff, his case and his expert. This conduct must be deterred.

Therefore, plaintiff's counsel requests attorney fees in the amount of $1,102.50 for participation in the rule 37 exchange and preparation of the motion and memorandum. In addition, plaintiff seeks an additional $560 for the 3.2 hours (at $175 per hour) to review defendant's response (.5), conduct additional research regarding the compensation of experts (1.0) and for preparation of this reply (1.7). (See Affidavit of Richard W. James, ¶¶2 and 3.)

## CONCLUSION

For the above and foregoing reasons, plaintiff requests that defendant tender a check to Regier, Carr & Monroe, LLP in the amount of $1,650, plus interest and remit attorney fees in the amount of $1,662.50.

Respectfully Submitted,

s/ Richard W. James_____
Dustin L. DeVaughn, #16559
Richard W. James, #19822
Donald H. Snook, #21775
*Attorneys for Plaintiff*
McDONALD, TINKER,
SKAER, QUINN & HERRINGTON, P.A.
R.H. Garvey Building
300 West Douglas Avenue, Suite 500
P.O. Box 207
Wichita, KS 67202-2909
Telephone: (316) 263-5851
Fax: (316) 263-4677
Email: ddevaughn@mtsqh.com
rjames@mtsqh.com
dsnook@mtsqh.com

PDF created with pdfFactory trial version www.pdffactory.com

PDF created with pdfFactory trial version www.pdffactory.com

**CERTIFICATE OF SERVICE**

      I hereby certify that on the 2nd day of January, 2007, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

John Val Wachtel
Alex Mitchell
Klenda, Mitchell, Austerman & Zuercher,
201 North Main, Suite 1600,
Wichita, KS 67202
Tele: 316.267.0221
Fax: 316.267.0333
jvwachtes@kmazlaw.com
Attorneys for Defendant

Jeffrey Eastman
Keleher & Eastman Law Firm
403 N.W. Englewood Rd.
Gladstone MO 64118
Business Tele: 816.452.6030
Fax: 816.455.0969
jse@keleher-eastman.com
Attorney for Defendant

And a courtesy copy will be hand delivered to:

Honorable Donald W. Bostwick

                                          s/ Richard W. James_____
                                          Dustin L. DeVaughn, #16559
                                          Richard W. James, #19822
                                          Donald H. Snook,#21775
                                          *Attorneys for Plaintiff*
                                          McDONALD, TINKER,
                                          SKAER, QUINN & HERRINGTON, P.A.
                                          R.H. Garvey Building
                                          300 West Douglas Avenue, Suite 500
                                          P.O. Box 207
                                          Wichita, KS 67202-2909
                                          Telephone: (316) 263-5851
                                          Fax: (316) 263-4677
                                          Email: ddevaughn@mtsqh.com
                                                       rjames@mtsqh.com
                                                       dsnook@mtsqh.com

PDF created with pdfFactory trial version www.pdffactory.com