KLENDA, MITCHELL, AUSTERMAN & ZUERCHER, L.L.C.
301 N. Main, Suite 1600
Wichita, KS 67202-4888
(316) 267-0331

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MONSOUR'S, INC.,                          )
    *Plaintiffs,*                          )
                                          )
vs.                                       )     No. 05-1204-MLB
                                          )
MENU MAKER FOODS, INC.,                   )
    *Defendant.*                          )
                                          )

**BRIEF IN SUPPORT OF MOTION FOR RECONSIDERATION,
OR FOR A CONTINUANCE AND ORDER REOPENING DISCOVERY**

Defendant requests reconsideration of the ruling on summary judgment, and in the alternative, an order granting a continuance of the trial and reopening discovery.

In the Court's Memorandum and Order filed January 22, 2007, the Court made one factual finding that is not supported by the record, and two legal rulings for which the defendant requests reconsideration.

**Factual Finding:**

The Court found the contract required defendant "to purchase 99.25 percent of its produce requirements from Monsour's." Memorandum and Order, p. 18. As a mater of undisputed fact, defendant was to purchase "substantially all" of its produce requirements from plaintiff; and PLAINTIFF was to FILL 99.25% of the orders placed by defendant. See paragraphs XI F and XI F(B) of the Asset Purchase Agreement. Defendant request that fact be clarified.

1

**Legal Rulings:**

**First Point.**  In footnote 2 the Court comments that the relevancy or admissibility of Hull's proffered expert opinion was not requested by the parties and was not before the Court.  Yes, it was intended to be put before the Court by the defendant's motion.  At the time this summary judgment motion was filed, the Hull report was the ONLY evidence from plaintiff on its measure of damages.  Defendant's motion for summary judgment argued that this approach by Hull was wrong, and that the measure of damages was governed by the UCC.  The relevancy and admissibility of Hull's opinion was intended by the defendant's summary judgment motion to be before the Court.  If its admissibility is not before the Court, defendant is filing a contemporaneous motion *in limine* to exclude this testimony.

**Second Point.**  The Court determined there were factual issues on (1) whether defendant failed to pay the price when due on inventory, (2) whether the inventory was resellable, (3) whether defendant wrongfully rejected produce, and (4) whether defendant failed to purchase substantially all of its produce requirements from plaintiff.  Assuming all of those issues were resolved in plaintiff's favor, what are the damages?

At the time of filing defendant's motion for summary judgment, the only evidence submitted by plaintiff on its damages was the opinion of Marshal Hull.  In response to this summary judgment motion plaintiff asserted for the first time a claim for the price of inventory not purchased, the price for wrongfully rejected produce, and for lost profits on produce not ordered.

Plaintiff made no mention of these claims in its pretrial contentions.  Plaintiff made no mention of these claims in its discovery responses.  Although plaintiff makes

2

these claims now, it has proffered NO evidence of (1) what inventory was not purchased, (2) what was the price for this inventory[1], (2) what produce was wrongfully rejected[2], (3) what was the price for this rejected produce, (3) what produce should have been ordered by defendant, and (4) what was the profits lost for the failure to order produce[3].

Defendant's motion for summary judgment was intended to bring to the Court's attention that the plaintiff had failed to offer any evidence of these claims of damages. We are left to guess what inventory was not purchased, what produce was wrongfully rejected, and what produce should have been ordered. Defendant has been misled by plaintiff. The plaintiff had contended throughout discovery and the entry of the pretrial order that its damages were as measured by Marshal Hull. Plaintiff offered no other explanation, documentation or evidence of other claims to damage until this summary judgment motion was filed.

Because plaintiff has offered no evidence of its damage, an essential element of plaintiff's claim, defendant's motion for summary judgment should have been granted.

**Request for Continuance.** We have now been set for a jury trial beginning April 17 without the benefit of discovery on this critical element of plaintiff's claim to damages. Unless the summary judgment is granted, defendant will need for the trial to be

---

[1] In its brief and at oral argument plaintiff contended the price was $750,000 for all of the inventory, the low side of the value mentioned in the Asset Purchase Agreement. The price was in fact to be plaintiff's cost.

[2] In paragraph 13 of Mark Monsour's affidavit (Dkt. 104-9) he states that plaintiff is claiming damages of $216,414.35 for inventory not purchased. There is no proffer of any record or other evidence from which this claim can be verified.

[3] In paragraph 14 of Mark Monsour's affidavit he states that plaintiff seeks damages in the amount of $1,204,350 pertaining to produce. Plaintiff proffers no documentation or other evidence from which this can be verified or explained. Coincidentally, this dollar amount is the exact figure concluded by Marshal Hull on loss of cash flow.

3

continued and discovery reopened to allow inquiry into these new claims to damages.

Defendant suggests an additional sixty days will be necessary to complete this discovery.

        s/ Alexander B. Mitchell, II
        Bar Number 8204
        Attorney for Defendant
        Klenda, Mitchell, Austerman & Zuercher, L.L.C.
        301 N. Main, Suite 1600
        Wichita, KS 67202-4888
        Telephone: (316) 267-0331
        Fax: (316) 267-0333
        E-mail: amitchell@kmazlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on January 24, 2007, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which should send a notice of electronic filing to Dustin L. DeVaughn, Richard W. James and Jeffrey S. Eastman, attorneys for plaintiff.

        s/ Alexander B. Mitchell, II