IN UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MONSOUR'S, INC.                )
        Plaintiff,    )
v.                             )   Case No. 05-1204-MLB
                               )
MENU MAKER FOODS, INC.,        )
        Defendant.    )

### RESPONSE TO DEFENDANT'S MOTION FOR RECONSIDERATION OR FOR AN ORDER GRANTING A CONTINUANCE AND REOPENING DISCOVERY

Plaintiff asserts that defendant's Motion for Reconsideration should be denied. The Court had evidence to deny defendant's Motion for Summary Judgment. Further, Defendant's Motion for a Continuance and an Order Reopening Discovery should be denied as defendant had an opportunity to conduct all necessary discovery. The discovery deadline expired months ago.

### I. STANDARD FOR MOTION FOR RECONSIDERATION

This standard is outlined in the Court's Memorandum and Order where this Court stated:

> A Motion to Reconsider is appropriate where the Court has obviously misapprehended a parties' position or the facts or applicable law, or where the party produces new evidence that could not have been obtained through the exercise of reasonable diligence. Revisiting the issues already addressed is not the purpose of a Motion to Reconsider and advancing new arguments or supporting facts which were otherwise available for presentation when the original motion was briefed or argued is inappropriate. *Comeau v. Rupp*, 810 F. Supp. 1172 (D. Kan. 1992).

(Memorandum and Order Doc. 108, p. 19.)

### II. DEFENDANT'S REQUEST FOR A "CLARIFIED" FACTUAL FINDING SHOULD BE DENIED.

Defendant argues the Court is mistaken in its factual ruling. Defendant argues that "substantially all" does not mean 99.25 percent as defined in the contract. This Court made this finding which is supported in the Briefs and in the Stipulation section of the September 25, 2006 Pretrial Order executed by both parties. (Doc. 74.)

The following fact is uncontroverted:

4. Defendant agreed to purchase 'substantially all' of its produce from plaintiffs pursuant to the terms of the Asset Purchase Agreement and the agreement defines 'substantially all' as being 99.25 percent subject to the term[s] of the agreement.

(Doc. 74, p. 2.) The Court's Opinion quotes directly from that stipulation, "Menu Maker was to purchase 99.25 percent of its produce requirement from Monsour's." (*Id*. at 18.) This fact was supported by plaintiff in its Response Brief (Doc. 104, ¶¶ 8 & 31.)

## III. DEFENDANT'S REQUEST FOR RECONSIDERATION OF THE LEGAL RULINGS SHOULD BE DENIED.

### A. Marshall Hull's Testimony Is Not the Only Evidence of Damage.

Defendant is seeking to relitigate the damage issue which has been exhaustively briefed and submitted at oral argument. Defendant does not bring forth any evidence that was not previously available to be submitted and considered by the Court. Instead, defendant disagrees with the Court's ruling and seeks a "second bite at the apple." That is not the purpose of a Motion for Reconsideration. Plaintiff has provided multiple sources of evidence (documents, lay and expert witnesses, deposition testimony and affidavits) in support of its damages.

Plaintiff submitted 74 statements of fact properly supported to the record. The statements of fact establish plaintiff's alleged damages. Defendant chose to summarily respond to these facts without providing direct citations to the record as is required by D. Kan. Rule 7.6. In fact, defendant simply stated that over half of the facts were uncontroverted. Defendant did not attach one single exhibit to its Reply Brief in its alleged attempt to controvert the facts. In fact, defendant only vaguely referred to the Asset Purchase Agreement in reply paragraphs 6, 9, 21, 31, 47 and 59. No other direct citations to the record are made. Plaintiff will respect the ruling of the Court and its directions on the filing of a motion to reconsider and will not exhaustively

recite the facts in its Response Brief supporting its damage claim and the factual statements in the Brief.  However, defendant's argument that the Marshall Hull report is the only evidence of plaintiff's damage is directly contrary to the evidence in this case.  In addition to evidence presented on damages, defendant had the opportunity to conduct all discovery needed and was informed of the witnesses that would provide damage information.

Plaintiff in its initial disclosures stated in part, "Mr. Monsour will testify about the conduct of the defendant and the damages sustained by the plaintiff."  (Initial Disclosures, **Exhibit A**.)  Defendant also served discovery upon Monsour's Inc. and former plaintiffs, Mark Monsour and Sheila Monsour.  This written discovery included questions about damages and evidence to support those damages.  Finally, Mr. Monsour was deposed by defendant as an individual and as a corporate representative.  (See Doc. 104, Exhibits A and H.)

Further, plaintiff included in its initial disclosures additional witnesses with knowledge of the produce and food service claims made by plaintiff.  Monsour's produce buyer, Dennis Hughes, was disclosed and the disclosure stated in part that Mr. Hughes "has knowledge of the actions of Mr. Orr [defendant's head produce buyer] in his review of the produce."  Further, plaintiff designated Matthew J. Warford and stated that Mr. Warford has knowledge about "the amount of goods actually purchased by Menu Maker Foods, Inc."  Despite these designations, defendant chose not to depose these individuals.

Further, in the Pretrial Order, plaintiff in its contention section stated in part:

> . . . . After the agreement, MMF continued purchasing substantial amounts of produce from entities other than Monsour's.  MMF would make extensive last minute additions to the orders.  MMF would load the produce at Monsour's facilities in Pittsburg at the close of business, let the produce set overnight in MMF stocking area on MMF refrigerated trailers and then MMF would haul the produce to Jefferson City, Missouri.  MMF then rejected substantial amounts of produce.  When the produce arrived in Jefferson City, Missouri, MMF would then

3

claim that the produce was of appropriate quality. Many items of produce were wrongly rejected. The items that were damaged were damaged as a result of the improper shipping and handling of the produce by MMF. <u>This testimony is supported by Monsour's expert witnesses, Monsour's former employees and MMF current and former employees.</u>

(Emphasis added.)  (Doc. 74.)  Despite this language, defendant asserts in its Motion for Reconsideration that the summary judgment motion was the "first time a claim for the price of inventory not purchased, the price for wrongfully rejected produce and for lost profits on produce not ordered" was made.  Defendant is wrong.  Defendant should review the Pretrial Order and plaintiff's theories of recovery.  On page 5, plaintiff asserted in part as follows:

> Mutual obligations arose out of the contract. A. Defendant agreed to purchase the food service inventory of plaintiff in a timely manner. B. Defendant agreed to purchase 99.25 percent (substantially all) of its produce from plaintiff."

(Doc. 74, p. 8.)  Plaintiff further pled under the theory of recovery:

> 4.  A breach of the contract occurred by defendant.
>
>   a. Defendant purchased only $83,585.65 of food service inventory and did not do it in a timely manner.
>   b. Defendant allowed product to 'expire' without purchasing such product.
>   c. Defendant did not purchase 'substantially all' of its produce from plaintiff.
>   d. Defendant wrongly rejected produce in good wholesome condition.
>   e. Defendant damaged produce under its control and wrongly refused to pay for it.
>   f. Defendant did not comply with the ordering terms of the contract for produce.
>   g. Defendant further breached the argument by not complying with the terms of the agreement."

(Doc. 74, pp. 8-9.)  If defendant felt it did not have any knowledge of these allegations at the time of Pretrial Order, counsel should not have agreed to the Pretrial Order.  Despite all this evidence, defendant has the audacity to assert to the Court that it has been "misled by plaintiff."

To allege that "the Hull report was the only evidence from plaintiff on its measure of damages" is disingenuous and a statement that needs to be withdrawn by defendant's counsel.

### B. Defendant's Request for a Continuance Should Be Denied.

Defendant was allowed the opportunity to depose each and every witness in this case. Further, defendant knew that Mark Monsour was going to testify about plaintiff's damage claim from the date plaintiff served its initial disclosures (October 5, 2005). Defendant also had in its possession all the damage documents that were relied upon in the response to summary judgment including all the invoices and defendant's credit invoices. These documents were referenced in plaintiff's responses to defendant's Interrogatories and also in the Response Brief. (p. 13, footnote 3, Exhibits V and U.) These documents show the damages.

This matter was filed in June 2005. Discovery has been completed. Defendant has had an opportunity to file <u>two</u> motions for summary judgment and the Court has ruled on those motions. Defendant's request for a continuance and to reopen discovery should be denied.

On January 25, 2007, defendant filed a Motion for Continuance because of a conflict with another trial. Plaintiff's counsel does not object to a continuance for this reason, but requests that the current trial date be held if the criminal case is settled. In the event a separate trial date must be established, defendant requests the trial be set as soon as possible.[1]

### CONCLUSION

Defendant's Motion for Reconsideration and Request to Reopen Discovery should be denied.

---

[1] Defendant has also filed a Motion *in Limine* regarding the testimony of Marshall Hull, plaintiff will respond to those arguments in a separate Brief.

5

Respectfully Submitted,

s/ Dustin L. DeVaughn
Dustin L. DeVaughn, #16559
Richard W. James, #19822
Donald H. Snook, #21775
*Attorneys for Plaintiff*
McDONALD, TINKER,
SKAER, QUINN & HERRINGTON, P.A.
R.H. Garvey Building
300 West Douglas Avenue, Suite 500
P.O. Box 207
Wichita, KS 67202-2909
Telephone: (316) 263-5851
Fax: (316) 263-4677
Email: ddevaughn@mtsqh.com
rjames@mtsqh.com
dsnook@mtsqh.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 1st day of February, 2007, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

John Val Wachtel
Alex Mitchell
Klenda, Mitchell, Austerman & Zuercher,
201 North Main, Suite 1600,
Wichita, KS 67202
Tele: 316.267.0221
Fax: 316.267.0333
jvwachtes@kmazlaw.com
Attorneys for Defendant

Jeffrey Eastman
Keleher & Eastman Law Firm
403 N.W. Englewood Rd.
Gladstone MO 64118
Business Tele: 816.452.6030
Fax: 816.455.0969
jse@keleher-eastman.com
Attorney for Defendant

And a courtesy copy will be hand delivered to:

Honorable Monti L. Belot

                                                    s/ Richard W. James
                                                    Richard W. James, #19822