IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MONSOUR'S INC., )
)
      Plaintiff, )
)
vs. ) CASE NO. 05-1204-MLB
)
MENU MAKER FOODS, INC., )
)
      Defendant. )
)

## MEMORANDUM AND ORDER

This matter is before the court on Plaintiff's Motion for Defendant to Pay Costs Associated with Deposition of Plaintiff's Expert and supporting memorandum (Docs. 90, 91.) Defendant responded (Doc. 102), and Plaintiff replied. (Doc. 106.) After a careful review of the parties' submissions, exhibits, and relevant case law, the Court is prepared to rule.

### BACKGROUND

Plaintiff filed this breach of contract lawsuit on June 30, 2005.[1] (Doc. 1.)

---

[1] When the case was initially filed, Mark and Sheila Monsour were included as individually-named Plaintiffs. On October 29, 2006, the District Court granted

1

Defendant answered on September 1, 2005.  (Doc. 7.)  The case proceeded with the parties exchanging and responding to various discovery requests as well as making expert witness disclosures.  (Docs. 52, 70.)  On July 26, 2006, Defendant filed a notice to depose Plaintiff's expert, Marshall Hull.  (Doc. 84.)  The deposition occurred on July 27, 2006, and lasted approximately three hours.[2]  (Doc. Doc. 91 at ¶ 4; Doc. 102 at pg. 4.)

On August 31, 2006, Mr. Hull's employer issued an invoice in the amount of $1,650.00 for "[p]reparation and testimony in deposition regarding Monsour's, Inc. v. Menu Maker Foods, Inc."  (Doc. 91, Exh. B.)  The invoice indicated 10 hours of work at a discounted rate of $165.00 per hour.  (*Id.*)  The time was enumerated in the following increments:  2.0 hours of document review and preparation on July 26, 2006; 3.7 hours of document review and preparation on July 27, 2006; 3.0 hours of deposition on July 27, 2006; and 1.3 hours of deposition transcript review on August 3, 2006.  (*Id.*)  Defense counsel agreed to pay only $660.00 of the

---

Defendant's motion for summary judgment as to the claims of the individual Plaintiffs. (Doc. 97.)  Defendant's motion for summary judgment regarding the remaining claims of corporate Plaintiff Monsour, Inc. remains pending before the District Court.  (Docs. 86, 87.)

[2] Defendant contends that the deposition lasted only 2.5 hours (Doc. 102 at pg. 4), but provides no evidence to support this allegation.  Further, Defendant "is and has been willing to pay Mr. Hull for three hours he claims to have spent in deposition.  (*Id.*)  For purposes of this motion, the Court will, therefore, accept Plaintiff's contention that the deposition lasted three hours.

amount, equating to four hours total of Mr. Hull's deposition and/or preparation time. (Doc. 91 at ¶ 7; Doc. 102 at ¶ 4.) The parties engaged in various communication in an effort to resolve this matter, but were unable to do so. (Doc. 91 at pg. 3 - 7; Doc. 102 at ¶¶ 4-5.)

## DISCUSSION

**A.    Payment for Preparation Time**.

Pursuant to Fed.R.Civ.P. 26(b)(4)(A), "[a] party may depose any person who has been identified as an expert whose opinions may be presented at trial." Subsection (C) of that rule continues that a court

> shall require that the party seeking discovery pay the
> expert a reasonable fee for time spent in responding to
> discovery under this subdivision; and . . . the court shall
> require the party seeking discovery to pay the other party
> a fair portion of the fees and expenses reasonably
> incurred by the latter party in obtaining facts and
> opinions from the expert.

In its motion, Plaintiff correctly argues that a party requesting the deposition of an opposing party's expert is required to pay for that expert's reasonable time in preparation for the deposition. *See* **Boos v. Prison Health Services**, 212 F.R.D. 578, 579-80 (D. Kan. 2002). Defendant acknowledges that the law of this district requires the payment of reasonable preparation fees, but argues the preparation fees incurred by Plaintiff's expert were unreasonable, basically because he "was a

neophyte in the world of expert witnesses..." (Doc. 102 at 4.) Defendant continues by contending

> it is unreasonable to pay Mr. Hull a fee for 5.7 hours of deposition preparation time. Frankly, a fee of 3 hours of preparation time seems excessive; however, defendant would suggest that the Court might find that time reasonable, and the defendant commends this issue to the sound discretion of this Court.

(*Id.*) The Court cannot agree with Defendant's conclusion.

In ***Boos***, the Court ordered the deposing party to pay for all 3.5 hours of the opposing expert's preparation time for a 1.5 hour deposition.[3] 212 F.R.D. at 580. Granted, that deposition was of a medical doctor, involved the review of medical records, and took place more than a year after the expert had prepared his report. *Id.* While this court agrees with and adopts Judge Waxse's legal analysis in ***Boos***, each case presents different facts, and it would be inappropriate to simply use the facts in ***Boos*** to calculate a bright-line formula of preparation time versus deposition time to be used in all cases.

---

[3] In ***Boos***, the Court found that the expert doctor's preparation time was reasonable, but agreed with the deposing party's argument that it was unreasonable for the expert to charge the same hourly rate for the preparation time as he did for the deposition time ($500.00/hour). In the present case, Defendant makes no argument that Mr. Hull's hourly rate is unreasonable - - potentially because he charged $100.00/hour less than Defendant's own expert. (Doc. 91, at ¶¶ 4, 6.) As such, the Court will not address the issue of whether it would have been appropriate for Mr. Hull to have charged a lower hourly rate for his preparation time.

In the matter before the Court, Plaintiff's expert disclosures were served on February 17, 2006, (Doc. 52), and the deposition in question occurred more than five months later (Doc. 84).  The Court anticipates that matters other than this lawsuit occupied Mr. Hull's mind in the months between the finalization of his report and his deposition.  Furthermore, since Hull's report was delivered, Defendant's expert witness has issued a 23-page report attacking Hull's conclusions and methodology.  *See* Doc. 91, Ex. C.  Given the document-intensive nature of the discovery in this case (Doc. 91 at pg. 9) and the extensive rebuttal expert report from Defendant's expert, the Court cannot agree with Defendant's contention that it was unreasonable for Mr. Hull to spend 5.7 hours reviewing documents and preparing for a deposition that lasted 3.0 hours.[4]

The Court does, however, agree that Defendant should not be charged with the 1.3 hours Mr. Hull spent reviewing the deposition transcript.  (Doc. 91, Exh. B.)  Defendant contends that it did not ask Mr. Hull to read and sign his deposition.  (Doc. 102 at pg. 5.)  "That Mr. Hull chose – or was directed by plaintiffs [sic] counsel – to read his and sign his deposition, cannot be charged to defendant."  (*Id.*)  Plaintiff does not attempt to controvert this in its reply brief; in fact, Plaintiff

---

[4] The court notes that there is no contention that any of Mr. Hull's preparation time was spent in conferences with Plaintiff's counsel.

does not even address this issue. On a substantive level, the Court finds that Defendant should not be charged for time spent on an activity it did not request or encourage.

Thus, Defendant is charged with paying for Mr. Hull's 3.0 hours of deposition time as well as 5.7 hours of preparation time, equating to a total of $1,435.50 (8.7 hours @ $165.00/hour). Defendant will not be charged for the 1.3 hours Mr. Hull spent reviewing his deposition transcript.

**B.    Demand for Attorneys' Fees**.

Plaintiff also seeks attorneys' fees relating to the filing of the motion to compel. Neither party cites specific authority for the granting or denial of attorney fees under the factual circumstances of this case. The nature of the motion to compel in this case does not fit neatly within the provisions of Rule 37(a), *e.g.*, Defendant did not fail to make Rule 26(a) disclosures or respond to discovery requests under Rule 30, 31, or 33. Further, the motion does not come within the provisions of Rule 37(b), (c), (d) or (g).

Even assuming, however, that the Court has the inherent authority to grant attorney fees under the circumstances presented by this motion, the Court declines to do so. What constitutes a reasonable fee under the facts and circumstances of each case may not be easy to determine. While the court agreed with Plaintiff's

position as to the majority of the changes, as discussed above, Defendant was justified in objecting to at least a portion of the preparation time charged by Plaintiff's expert.

Further, after the parties had engaged in communications regarding this dispute, defense counsel, on October 18, 2006, asked Plaintiff's counsel via e-mail correspondence if there was a "compromise number between what you want and what I offered." (Doc. 91, Exh. F.)  Plaintiff's counsel stated in no uncertain terms that they were "unwilling to settle for less." (*Id.*)  The Court is not inferring that Plaintiff should have been required to compromise away amounts to which it was entitled.  The communication from defense counsel, however, clearly exhibited a willingness to engage in further communications in an effort to reach a mutually agreeable resolution to the matter.  When considered with the fact that a portion of Plaintiff's demanded charges were unreasonable, the Court cannot find that Defendant's actions were in bad faith, thus justifying the imposition of sanctions.  For this reason, Plaintiff's request for attorneys' fees is **DENIED**.

IT IS THEREFORE ORDERED that Plaintiff's Motion for Defendant to Pay Costs Associated with Deposition of Plaintiff's Expert (Doc. 91) is GRANTED in part and DENIED in part.  Defendant is hereby directed to pay to Marshall Hull, CPA (and/or his employer, Regier Carr & Monroe, L.L.P.) the sum of $1,435.50 in

connection with his deposition on July 27, 2006, and his preparation therefor.[5]  The Motion is denied, however, to the extent it seeks payment of time for Mr. Hull to review his deposition transcript and for payment of Plaintiff's attorneys fees associated with filing this Motion.

DATED at Wichita, Kansas, this 6th day of February, 2007.

      s/ DONALD W. BOSTWICK
DONALD W. BOSTWICK
United States Magistrate Judge

---

[5]  The court is unable to determine whether Mr. Hull was allowed to cash the $660 check initially tendered by Defendant's counsel.  *See* Doc. 91, Ex. D.  If Mr. Hull was allowed to negotiate that check, Defendant can credit that amount against the amount due under the terms of this Order.