IN UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MONSOUR'S, INC.                          )
               Plaintiff,       )
v.                                       )   Case No. 05-1204-MLB
                                         )
MENU MAKER FOODS, INC.,                  )
               Defendant.       )

**RESPONSE TO DEFENDANT'S MOTION IN LIMINE**

Plaintiff Monsour's, Inc., by and through its counsel of record Dustin L. DeVaughn and Richard James of McDonald, Tinker, Skaer, Quinn & Herrington, P.A., responds in opposition to defendant's Motion in Limine concerning the testimony of plaintiff's expert Marshal Hull. In support of this Response in Opposition, the following is stated and alleged:

A.    PURPOSE OF TESTIMONY OF EXPERT MARSHAL HULL.

Contrary to defendant's erroneous assumptions, the purpose of plaintiff's expert Marshal Hull's testimony is not to express an opinion on the ultimate issue of the nature and extent of plaintiff's damages. Rather, plaintiff's purpose of presenting Mr. Hull's relevant and significant testimony is threefold: (1) to counter defendant's damage defense that plaintiff's business would have failed even if defendant had not breached the terms of the contract (this evidence is significant as it pertains to plaintiff's damages with respect to the six (6) years of future sales of produce); (2) to use Mr. Hull's technical and specialized financial knowledge to simplify and translate the complex and voluminous financial material into easily understandable terms so that the jury can understand the damage evidence presented by Mark Monsour and other damage witnesses; and (3) to assist the jury in understanding the economic impact of Mark Monsour's damage testimony concerning the produce ordered from other suppliers in violation of the

Agreement as discussed in plaintiff's supplemental response in opposition to defendant's motion for summary judgment.

> 1. **Mr. Hull's expert testimony is critical to countering defendant's defense that Monsour's, Inc. would have failed financially even if defendant had not breached the terms of the contract.**

One of the defendant's defenses that it has aggressively pursued in discovery and was the basis of its damage expert's report was that Monsour's, Inc. did not have sufficient cash flow to meet its obligations and would have failed even if defendant adhered to the terms of the contract. Plaintiff's expert Marshal Hull's analysis and testimony places this complex financial situation into easily understood terms for the jury and demonstrates that had defendant Menu Maker Foods, Inc. lived up to the terms of its bargain, that Monsour's, Inc. would have survived. This testimony is critical to plaintiff's damage claim concerning its future produce profits it would have received had defendant not breached the contract.

> 2. **This case has complex and voluminous financial documents and concepts that require the use of an expert to place it into simplified terms to assist the jury in understanding the financial evidence.**

This case is document intensive (literally thousands of pages) and essentially all documents pertain to inventories, balance sheets, income statements, banking documentation and other financial information. To reduce this complex and overwhelming information into easily understandable terms, plaintiff must use an accountant. Plaintiff's expert Marshal Hull accomplished that task and will be able to assist the trier of fact in understanding the evidence or in determining a fact issue with his testimony and the six (6) exhibits he prepared as part of his report. For the Court's convenience, a copy of Mr. Hull's expert report and his six (6) exhibits are attached as **Exhibit 1**.

Mr. Hull's testimony clearly meets the requirements of Fed.R.Evidence 702; is relevant and is clearly admissible even though he does not issue an opinion on the ultimate issue that is to be decided by the trier of fact.

> 3. **Marhsall Hull's expert testimony is relevant and important to provide the foundation and "set the stage" for Mark Monsour to testify about plaintiff's damages under UCC 2-708 for produce ordered from other suppliers in violation of the Agreement.**

As plaintiff has continuously cited, an owner of a business who is familiar with the same is permitted to testify as to that business's damages. See, Telluride Power Co. v. Williams, 164 F.2d 685 (10th Cir., 1947). Plaintiff's expert Marshall Hull has the expertise and technical knowledge to put the underlying financial data in terms that the jury can understand and to build the foundation for Mark Monsour, as the co-owner of Monsour's, Inc. is then able to use that underlying data to testify as to Monsour's, Inc.'s future lost profits pursuant to UCC 2-708. Marshal Hull's Expert Report and his attached Exhibit 2.1 is a prime example.

> B. **DEFENDANT'S OVERLY BROAD AND AMBIGUOUS MOTION IN LIMINE FAILS TO MEET REQUIRED STANDARDS.**

The touchstone of admissibility for expert testimony is helpfulness to the trier of fact. First Savings Bank, F.S.B. v. U.S. Bankcorp, 117 F.Supp.2d 1078, 1083 (D.Kan. 2000). Additionally, the party seeking to exclude evidence using a motion in limine has the burden of demonstrating that evidence is inadmissible on any relevant ground and the Court may deny a motion in limine when it lacks necessary specificity with respect to the evidence to be excluded. Id at 1082. In the immediate situation, plaintiff has specifically articulated in Section A of this Response how it intends to present the testimony of accountant Marshal Hull. Defendant's motion in limine is extremely vague and basically incorporates the arguments it set forth within

its motion for summary judgment that this Court previously denied. Marshal Hull's testimony is relevant, is helpful to the jury and defendant's motion in limine should be denied.

Respectfully Submitted,

s/ Dustin L. DeVaughn
Dustin L. DeVaughn, #16559
Richard W. James, #19822
Donald H. Snook, #21775
*Attorneys for Plaintiff*
McDONALD, TINKER,
SKAER, QUINN & HERRINGTON, P.A.
R.H. Garvey Building
300 West Douglas Avenue, Suite 500
P.O. Box 207
Wichita, KS 67202-2909
Telephone: (316) 263-5851
Fax: (316) 263-4677
Email: ddevaughn@mtsqh.com
rjames@mtsqh.com
dsnook@mtsqh.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 6th day of February, 2007, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

John Val Wachtel
Alex Mitchell
Klenda, Mitchell, Austerman & Zuercher,
201 North Main, Suite 1600,
Wichita, KS 67202
Tele: 316.267.0221
Fax: 316.267.0333
jvwachtes@kmazlaw.com
Attorneys for Defendant

Jeffrey Eastman
Keleher & Eastman Law Firm
403 N.W. Englewood Rd.
Gladstone MO 64118
Business Tele: 816.452.6030
Fax: 816.455.0969
jse@keleher-eastman.com
Attorney for Defendant

And a courtesy copy will be hand delivered to:

Honorable Monti L. Belot

                                  s/ Richard W. James
                                  Richard W. James, #19822