KLENDA, MITCHELL, AUSTERMAN & ZUERCHER, L.L.C.
301 N. Main, Suite 1600
Wichita, KS 67202-4888
(316) 267-0331

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MONSOUR'S, INC.,  )
    *Plaintiff,*  )
  )
vs.  )  No. 05-1204-MLB
  )
MENU MAKER FOODS, INC.,  )
    *Defendant.*  )
  )

## BRIEF IN SUPPORT OF THE DEFENDANT'S
## <u>RENEWED MOTION FOR SUMMARY JUDGMENT</u>

This brief is in support of defendant's renewed motion for summary judgment. Attached are the "Revised Pretrial Order" submitted by the plaintiff, and a redlined copy of the same showing the changes suggested and the objections of the defendant. It is clear the plaintiff continues to claim (1) that the price for the inventory to be purchased by defendant was $750,000, instead of plaintiff's cost as stated in the Asset Purchase Agreement, (2) plaintiff has no evidence of damage for its allegation that defendant did not use its best efforts to sell the remaining inventory, and (3) plaintiff has no evidence of lost profits on its claim the defendant failed to purchase substantially all of its produce requirements from the plaintiff.

**A.  Price for the Inventory.**

In paragraph 10a of the proposed pretrial order plaintiff again contends the price for its inventory that should have been purchased by defendant was $750,000. Plaintiff credits the actual purchases of $232,956.06 then claims the balance of $517,043.94. The price for the inventory was not $750,000, but was to be plaintiff's cost. Given plaintiff

1

has proffered no evidence of its cost for the inventory it claims should have been purchased, defendant is entitled to summary judgment on this claim.

**B.  Damages Claimed for Lack of Best Efforts.**

Plaintiff claims now that its inventory was not $750,000 to $800,000 as estimated in the Asset Purchase Agreement; but was $1,109,219.09 as claimed in paragraph 10b of the revised pretrial order.  For the first time, plaintiff contends that defendant should have sold or assisted plaintiff in the sale of 55.5% of this remaining inventory.  Plaintiff has not produced any record to support this claim other than one internally prepared balance sheet with a single listing of inventory as part of its assets.  Furthermore, there is no explanation for plaintiff's claim that defendant should have sold 55.5% of this remaining inventory.

As plaintiff has proffered no evidence to support this claim, defendant should be granted summary judgment.

In the event this claim is allowed to remain, defendant requests additional discovery on the basis for claiming $1,109,219.09 in inventory and that 55.5% should have been sold.

**C.  Damages for Failure to Purchase Produce.**

In paragraph 10a2 of the revised pretrial order plaintiff claims lost profits of $122,725 per year for six years for defendant's alleged failure to purchase substantially all of its produce from plaintiff.  This dollar amount is the lost annual cash flow calculated by plaintiff's expert, Marshal Hull, and does not represent the 10% lost profit on produce to have been sold.  As Marshal Hull's approach to damages is not the appropriate measure under the UCC, this claim should be dismissed.

>s/ Alexander B. Mitchell, II
>Bar Number 8204
>Attorney for Defendant
>Klenda, Mitchell, Austerman & Zuercher, L.L.C.
>301 N. Main, Suite 1600
>Wichita, KS 67202-4888
>Telephone:  (316) 267-0331
>Fax:  (316) 267-0333
>E-mail:  amitchell@kmazlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on April 3, 2007, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which should send a notice of electronic filing to Dustin L. DeVaughn and to Richard W. James, attorneys for Plaintiff

>s/ Alexander B. Mitchell, II