KLENDA, MITCHELL, AUSTERMAN & ZUERCHER, L.L.C.
301 N. Main, Suite 1600
Wichita, KS 67202-4888
(316) 267-0331

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MONSOUR'S, INC., )
    *Plaintiff,* )
)
vs. ) No. 05-1204-MLB
)
MENU MAKER FOODS, INC., )
    *Defendant.* )
)

**BRIEF IN SUPPORT OF RENEWED MOTION TO REOPEN DISCOVERY
AND TO CONTINUE TRIAL**

    Defendant has renewed its motion for summary judgment based on plaintiff's new contentions and claimed damages in the revised pretrial order. In the event that motion for summary judgment is denied, defendant submits this renewed motion to reopen discovery on the issue of plaintiff's damages and to continue the trial to accomplish that task. This brief is submitted in support of that motion.

    In response to defendant's motion for summary judgment, plaintiff was first allowed to submit a supplemental brief with exhibits and attachments detailing its contentions and damages claimed by plaintiff because the original pretrial order did not do so. Following the second oral argument plaintiff was required to submit a revised pretrial conference order detailing the contentions and damages claimed by the plaintiff. The revised pretrial conference order prepared by plaintiff was submitted with defendant's renewed motion for summary judgment.

    In this revised pretrial order plaintiff contends it is entitled to damages for the defendant's failure to purchase all of plaintiff's inventory equal to $750,000 minus the

1

amount actually paid by defendant.  That contention does not require additional discovery.

However, the second contention made by the plaintiff pertaining to the inventory is a claim that the inventory was actually valued at $1,109,219.09, and defendant did not use its best efforts to sell the remaining inventory.  Plaintiff calculates its damages for this claim by taking $1,109,219.09 and subtracting $750,000 (the claimed price for the inventory), then multiplying that difference ($359,219.09) by 0.555.  Plaintiff offers no explanation for this calculation other than to say Mark Monsour will testify about this.

Plaintiff has not previously presented any damage contention on this claim until it submitted the revised pretrial order.  The damages claimed at the time Mark Monsour was deposed are as stated in the original pretrial order.  Indeed, plaintiff's proof of the damages claimed in the original pretrial order was the opinion of Marshal Hull.  Marshal Hull opined on lost cash flow, and did not express any opinion supporting this present claim for damages.  If, as plaintiff represents, Mark Monsour is the person having this information, then defendant should be granted the opportunity to reopen his deposition and to quiz him about this.  Mark Monsour made no mention of this claim during his deposition.

The third claim by the plaintiff in the revised pretrial order is its assertion of damages from defendant's failure to purchase substantially all of its produce requirements from plaintiff.  Although plaintiff's calculations are a claim to "lost profits" of $122,725 per year for six years, which is exactly what Marshal Hull says is the lost annual cash flow, plaintiff now states that it will not be calling Mr. Hull as a witness on this issue.  Instead, plaintiff says it will rely on Mark Monsour for this claim.

Mark Monsour was deposed by the defendant. On the issue of damages, Mr. Monsour deferred to the opinion of plaintiff's expert, Marshal Hull. Mr. Monsour did not express any opinion on the method for calculating damages for the defendant's failure to purchase produce. If, as plaintiff states, Mark Monsour will be the witness through which it intends to prove this claim for damages, then defendant has not been afforded the opportunity to depose him on this subject. Indeed, defendant was mislead by the plaintiff by its representation, and that of Mr. Monsour, that proof of these damages would come from Marshal Hull. Since that is not now the case, defendant should be afforded the opportunity to reopen Mr. Monsour's deposition to explore these allegations.

> s/ Alexander B. Mitchell, II
> Bar Number 8204
> Attorney for Defendant
> Klenda, Mitchell, Austerman & Zuercher, L.L.C.
> 301 N. Main, Suite 1600
> Wichita, KS 67202-4888
> Telephone: (316) 267-0331
> Fax: (316) 267-0333
> E-mail: amitchell@kmazlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on April 4, 2007, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which should send a notice of electronic filing to Dustin L. DeVaughn and to Richard W. James, attorneys for plaintiff.

> s/ Alexander B. Mitchell, II