## MONDAY, MARCH 26, 2007 (CONTINUED)

**From:** Dustin Devaughn [mailto:DDevaughn@mtsqh.com]
**Sent:** Monday, March 26, 2007 9:18 AM
**To:** John V. Wachtel
**Cc:** Alexander B. Mitchell; Richard James
**Subject:** Monsour v. Menu Maker Foods

Val:

This email follows our telephone conference from earlier this morning.

As I advised, if Menu Maker Foods offers $300,000, this firm will recommend the same to Monsours. We will not, however, take this offer to Sheila and Mark unless and until that offer is formally on the table. Along those lines, we must travel to Missouri to meet with several witnesses on Wednesday and Thursday. Additionally, we are getting ready to spend quite a bit of money with respect to our produce expert and subpoenaes. **As such, we would request that Menu Maker Foods make known its position by 5:00 today.** While you indicated Mr. Graves was traveling extensively today, he surely will be checking his cell phone periodically.

Quite frankly, it is this firm's best interest that this case proceed to trial as our attorney fees will probably be greater if that occurs. All we need to obtain is an award of $1 and Menu Maker Foods will be paying our attorney fees. Due to the fact your firm's fees are higher than ours, there is no doubt Judge Belot will find them to be reasonable.

With respect to Alex's previous email regarding our damages, we disagree to each one of his contentions and, with all due respect, those arguments have grown tiresome. Belot has already denied the summary judgment and our damage claims are consistent with what the UCC allows and we have the proper evidence to support each claim. IN regard to future profits, Judge Belot has already addressed that your discovery responses and Mark's testimony is all that is needed to take this claim to the jury. Also please consider this our written request following our meeting from over a week ago for you to supplement your discovery in regard to produce purchased for 2006. You indicated that you would get that number from the controller please obtain that information immediately.

Since Alex stipulated on the record to Judge Belot that Menu Maker Foods would not be arguing or putting into evidence Monsour's cash flow problems and its viability, we agreed that we did not need Marshal to testify on any issue except lost profit on future produce sales. We frankly believe Judge Belot will be just as frustrated with Alex continuing to make the exact same arguments regarding damages when he has already ruled that it is a fact question.

**Dustin L. DeVaughn ♦ ddevaughn@mtsqh.com.**
**McDonald, Tinker, Skaer, Quinn & Herrington, P.A**
**300 West Douglas, Suite 500**
**P.O. Box 207**
**Wichita, Kansas 67201-0207**
**tel. (316) 263-5851/4677(fax)**

*This confidential message may be subject to the attorney-client privilege or protected by the attorney work-product doctrine. If you have received this message in error, please delete it and notify me.*



PLAINTIFF'S EXHIBIT 4