Monsour et al v. Menu Maker Foods Inc
Case 6:05-cv-01204-JTM   Document 127   Filed 04/23/2007   Page 1 of 5
Doc. 127

IN UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MONSOUR'S, INC.　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　)
　　　　　　Plaintiffs,　　　　　　　　　　) Case No. 05-1204-MLB
　　　　　　　　　　　　　　　　　　　　　)
v.　　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　)
MENU MAKER FOODS, INC.,　　　　　　)
　　　　　　　　　　　　　　　　　　　　　)
　　　　　　Defendant.　　　　　　　　　　)
_____)

**PLAINTIFF'S REPLY BRIEF IN SUPPORT OF ITS MOTION
TO ENFORCE SETTLEMENT AGREEMENT**

Plaintiff by and through its attorneys of record, Dustin L. DeVaughn and Richard W. James of McDonald, Tinker, Skaer, Quinn & Herrington, P.A., submits its Reply Brief in Support of Its Motion to Enforce Settlement.

## INTRODUCTION

The issue before the Court is whether a binding settlement agreement occurred between the parties settling the case for $250,000. Defendant Menu Maker Foods, Inc.'s president and sole shareholder Dick Graves admitted defense counsel Val Wachtel had authority of $250,000 to settle this case on March 26, 2007. (See defendant's statement of additional facts, paragraph 6; and Dick Graves' affidavit, paragraph 10.) Plaintiff accepted the $250,000 on March 26, 2007. Mr. Graves has admitted that he did not communicate any instruction to Mr. Wachtel to take the $250,000 settlement offer off of the table until March 28, 2007 (the day after plaintiff accepted the outstanding offer). (See Dick Graves' affidavit, paragraph 15.)

On these facts alone, the case should be settled. Plaintiff's counsel has testified that defendant's counsel reiterated via phone the morning the offer was accepted that

$250,000 was still "on the table." Defendant is trying to state that a rejection of the offer occurred, despite the fact Mr. Graves did not inform Mr. Wachtel to take the $250,000 "off the table" until after the settlement was accepted. Further, defendant's counsel sent plaintiff's counsel an email, <u>after the alleged rejection</u>, stating that defendant was getting "iffy" about the $250,000 offer. This is once again an indication that an offer of $250,000 remained on the table.

Assuming the Court accepts defendant's argument that Mr. Wachtel did not state that the $250,000 was still "on the table" and the subsequent email was not another offer to be accepted, the Court must decide whether plaintiff's counsel Dustin L. DeVaughn's oral comments in the early morning telephone conference of March 26, 2007; or his confirming e-mail of March 26, 2007 at 9:18 a.m. constituted an "inquiry" or whether they constituted a "rejection." If Mr. DeVaughn's oral and written question of March 26, 2007 as to whether defendant would go up to $300,000 constituted an "inquiry," then there is a binding settlement agreement. If the Court finds Mr. DeVaughn's oral or written question constitutes a "rejection," then this Court must determine whether defendant's March 26, 2007 e-mail of 3:51 p.m. placed the $250,000 settlement offer back on the table. If the Court finds in the affirmative, then there is still a binding settlement agreement.

### A. Plaintiff's counsel's question as to whether defendant would offer $300,000 was only an inquiry and not a rejection of defendant's $250,000 settlement offer.

The Restatement of Contracts (Second) Section 39, Comment b, (dealing with counter-offers) addresses this issue directly. Comment b provides, in relevant part:

> A mere inquiry regarding the possibility of different terms, a request for a better offer, or a comment upon the terms of the offer, is ordinarily not a counter-offer. Such responses to an offer may be too tentative or indefinite to be offers of any kind; . . .

The Illustration for Comment b also addresses this issue directly. Illustration No. 2 provides:

> A makes the same offer to B as that stated in Illustration 1, and B replies, "Won't you take less? A answers, "No." An acceptance thereafter by B within the thirty-day period is effective. B's inquiry was not a counter-offer, and A's original offer stands.

*Id.* In the immediate situation, plaintiff's counsel Dustin DeVaughn's contemporaneous phone note clearly reveals he had no authority from plaintiff Monsour's, Inc. to reject the $250,000 and provide a counter offer of $300,000 at that point in time. The e-mail from Mr. DeVaughn to Mr. Wachtel that defendant claims is a rejection does not reject the $250,000 and even makes it clear that plaintiff wanted the $300,000 settlement offer to come from defendant. Plaintiff's counsel's inquiry as to whether defendant would go to $300,000 was <u>an inquiry</u> and not a rejection as defined by the Restatement.

This Court should follow the Restatement of Contracts (Second), Section 39, Comment B, and find plaintiff's inquiry was not a rejection and that there is a binding settlement agreement.

**B.    Even if the Court finds plaintiff's counsel's inquiry constitutes a "rejection," defendant's counsel's e-mail of 3:51 p.m on March 26, 2007 placed defendant's $250,000 settlement offer back on the table.**

Dick Graves has admitted within his affidavit that he authorized Menu Maker Foods, Inc.'s defense attorney Val Wachtel to settle the case for $250,000. (Dick Graves' affidavit, paragraph 10.) Additionally, Dick Graves has admitted that he did not instruct Mr. Wachtel of his decision that he did not want to settle until March 28, 2007 (two days after the case had been settled). (Dick Graves affidavit, paragraph 15.)

Mr. Wachtel's e-mail of March 26, 2007 simply answered plaintiff's counsel's previous inquiry as to whether defendant would go up to $300,000. Defendant's counsel's e-mail also had the veiled threat that defendant Dick Graves of Menu Maker Foods, Inc. was "getting 'iffy' about his $250,000 offer." This definitely communicates that the $250,000 settlement offer remained on the table and that Dick Graves was considering changing his mind.

This Court should enforce the $250,000 which was offered by defendant and accepted by plaintiff.

Respectfully Submitted,
s/ Dustin L. DeVaughn
Dustin L. DeVaughn, #16559
Richard W. James, #19822
*Attorneys for Plaintiff*
McDONALD, TINKER,
   SKAER, QUINN & HERRINGTON, P.A.
R.H. Garvey Building
300 West Douglas Avenue, Suite 500
Wichita, KS 67201-0207
Telephone:  (316) 263-5851
Facsimile:  (316) 263-4677
Email: ddevaughn@mtsqh.com
       rjames@mtsqh.com

4

## CERTIFICATE OF SERVICE

I hereby certify that on the 23rd day of April, 2007, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

John Val Wachtel
Alex Mitchell
Klenda, Mitchell,
 Austerman & Zuercher
Suite 1600, 201 North Main,
Wichita, KS 67202
Ph.: 316.267.0221
Fax: 316.267.0333
jvwachtel@kmazlaw.com
*Attorneys for Defendant*

Jeffrey Eastman
Keleher & Eastman Law Firm
403 N.W. Englewood Rd.
Gladstone MO 64118
Bus. ph.:   816.452.6030
Fax:         816.455.0969
jse@keleher-eastman.com
*Attorneys for Defendant*

                                              s/ Richard W. James
                                              Dustin L. DeVaughn, #16559
                                              Richard W. James, #19822
                                              *Attorneys for Plaintiffs*
                                              McDONALD, TINKER,
                                                SKAER, QUINN & HERRINGTON, P.A.
                                              R.H. Garvey Building
                                              300 West Douglas Avenue, Suite 500
                                              P.O. Box 207
                                              Wichita, KS 67201-0207
                                              Telephone:   (316) 263-5851
                                              Facsimile:    (316) 263-4677
                                              Email: ddevaughn@mtsqh.com
                                                         rjames@mtsqh.com