IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MONSOUR'S INC.,

        Plaintiff,

        vs.                              Case No. 05-1204-JTM

MENU MAKER FOODS, INC.,

        Defendant.

**MEMORANDUM AND ORDER**

      Presently before the court are various motions in limine.  The court conducted a conference on the matter, where it made rulings orally to the parties.  This order serves to memorialize those findings.

      Defendant's motion in limine regarding the hearsay testimony of Mike Slack (Dkt. No. 145) is granted.  Because the court has determined that the statement of Mike Slack is inadmissible hearsay, defendant's motion in limine (Dkt. No. 150) regarding the hearsay statement of Mike Slack as it relates to the damage calculation must be granted as well.  The statement of Mike Slack to Mark Monsour is inadmissible hearsay, and thus will not be allowed into evidence in any form.

      Defendant's motion regarding increased sales and profit made by the defendant (Dkt. No. 155) is denied, and the evidence will be allowed in.  The court finds that the records in question are reliable, and that the attorneys will be able to make their arguments accordingly.

      Defendant's motion in limine regarding deposition testimony as it relates to Leroy

Krueger (Dkt. No. 169) is moot because Menu Maker withdrew its motion after learning that Mr. Krueger was too ill to travel. The motion as it relates to Edward Fairchild (Dkt. No. 169) is denied, and the video of the deposition will be allowed to be played in court, as there is no federal rule requiring that a deposition be recorded by a certified videographer.

Plaintiff Monsour's motion in limine (Dkt. No. 173) contained several sub-parts, which were decided as follows:

1. The motion to keep out evidence of Mark Monsour's past criminal convictions and use or involvement with illegal drugs is granted due to agreement by the parties, and because the probative value would be outweighed by unfair prejudice.

2. The motion to keep out evidence that Bank of America or plaintiff's vendors would not continue to extend plaintiff credit or that plaintiff would otherwise fail even if defendant did not breach the terms of the Asset Purchase Agreement is granted, because that evidence is no longer relevant due to the plaintiff's abandonment of the claim for future lost profit.

3. The motion to keep out evidence of Mark Monsour providing falsified inventory reports to financial institutions is granted because it is irrelevant, unless Mr. Monsour opens the door to such evidence during trial.

4. The motion to keep out any evidence inconsistent with those facts that this Court has deemed admitted for the purpose of summary judgment is granted, because those statements have become the law of the case. Plaintiff's counsel is ordered to put together a list of uncontested facts to send to defense counsel for further review.

IT IS ACCORDINGLY ORDERED this 25th day of April, 2008.

s/ J. Thomas Marten<br>
J. THOMAS MARTEN, JUDGE